SCOTT          *T. Gazlay* and *C. Gazlay*, for the appellant.
v.          *S. C. Stevens*, for the appellees.
STIPE.

---

SCOTT *v.* STIPE and Others.

Where a grant of land was made to the use of the trustees of a certain church and their successors in office forever, in consideration of the respect of the grantor for the institution of Christianity, and that the church might have a suitable place for erecting a house of worship, upon a condition subsequent that a church should be erected upon the land within a reasonable time, and forever thereafter used as a house of worship, pursuant to the intention of the grantor, and after the church had been erected the property was sold, and converted to secular uses:

*Held,* 1. That the trustees had no power to sell the land without the consent of the grantor, or his heirs, he being dead, and the members of the church.

2. That the members of the church might have enjoined the transfer; and they might have had the conveyance set aside.

3. That the misappropriation of the property granted was a breach of the condition which worked a forfeiture of the estate; and the grantor or his heirs could recover back the land in a suit at law or in equity.

4. That condition broken gave right of entry.

Tuesday,       APPEAL from the *Montgomery* Circuit Court.
May 24.
PERKINS, J.—Suit to recover possession of real estate. Demurrer to the complaint sustained. Judgment for the defendant.

It appears by the complaint, that on the 4th day of *January*, 1834, *James Scott*, jr., and *Mary*, his wife, executed a deed for the piece of land sought to be recovered in this suit to "*Guardis R. Robins, Christopher Fullender*, and *James A. Thompson*, trustees of the *Bethel Presbyterian Church*, the members of which live in the said counties of *Boone* and *Montgomery*, in the state of *Indiana*, and their successors in office." The consideration of the deed is stated to be, "the respect the grantors have for the institu-

tion of Christianity, and that the said *Bethel* church may have a suitable place for erecting a house of worship." The deed further recites that, "it is understood to be a part of the agreement between the parties, that at any time when the house which may be erected on said tract of land shall not be occupied by the Presbyterians, any minister of the Gospel, of the Baptist or Methodist churches, shall have the privilege of using it as a house of worship; and also, if the neighborhood around should wish to build a school-house on said lot, the privilege shall be granted."

The grant is, "to the use of the said trustees of the *Bethel* church, and their successors in office forever."

It further appears by the complaint, that the grantees erected a house for worship, on the lot, which was, for some years, thus used by the said *Bethel* church; but that, on the 24th day of *March*, 1853, the then trustees of that church, sold the lot and the house of worship erected upon it, to *John Stipe*, who thenceforward occupied the same as a store-room, and for other business of a secular character.

Upon these facts, it is very evident that the lot in question was granted in trust for a pious or charitable use, and that the trustees had no power to sell it without the consent of the grantor, or his heirs, he being dead, and the members of the *Bethel* church. See *The Town of Pawlet* v. *Clark*, 9 Cranch, 292 (3 Cond. R. 418), where the learning upon grants of this description is collected by Judge STORY. See, also, *Sweeney* v. *Sampson*, 5 Ind. R. 465, and cases cited. The members of the *Bethel* church might have caused such a transfer of the property to be restrained by injunction; and might have had the conveyance set aside after it was made. See *Wallace* v. *The Associate Reformed Church, &c.*, 10 Ind. R. 162; 2 Cruise on Real Prop., Greenl. ed., p. 46, note. But the grant in this case was not only in trust; it was also upon a condition subsequent that a church should, within a reasonable time, be erected upon the lot, and forever thereafter be used as a house of worship, pursuant to the intention of the grantor. The cases of *Hayden* v. *Stoughton*, 5 Pick. 528; *Brigham* v. *Shattuck*, 10 *id.* 306; *Clapp* v. *Stoughton*, *id.* 463; and

*Sinclair* v. *Comstock*, Hars. (Mich.) R. 404, are in point to this proposition. See 1 Hill. on Real Prop., pp. 348 to 351.

The misappropriation of the property granted—its diversion to secular uses—was a breach of the condition; and the breach of the condition worked a forfeiture of the estate, and rendered it subject to be recovered back by the grantor, or his heirs, in a suit at law, or in equity. Condition broken gave right of entry. *Leach* v. *Leach*, 10 Ind. R. 271.—S. C. 4 *id.* 628.—*Hefner* v. *Yount*, 8 Blackf. 455. —*Cross* v. *Carson*, *id.* 138.—*Nicoll* v. *The New York and Erie Railroad Co.*, 2 Kern. 121. See *Hunter* v. *The Trustees of Sandy Hill*, 6 Hill (N. Y.), 407.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded for further proceedings.

*I. Naylor*, for the appellant (1).

*S. C. Willson* and *J. E. McDonald*, for the appellees.

(1) Counsel for the appellant cited the following authorities: