Nov. Term,
1859.

TONER
v.
MITCHELL.

Tuesday,
December 20.

(1) See the preceding case.

---

TONER *v.* MITCHELL.

Tuesday,
December 20.

APPEAL from the *Johnson* Court of Common Pleas.

*Per Curiam.*—The appellee, who was the plaintiff below, brought an action, in said Court, against *Toner*, upon a promissory note for 500 dollars, and, also, to foreclose a mortgage to secure its payment. Both note and mortgage were given to one *Martha Shelton*, and by her assigned to the plaintiff.

Defendant's answer contains three paragraphs. The first and second make no point in the case. The third admits the execution of the note; but avers that it was given to *Martha Shelton* in consideration of the sale and conveyance, by her to the defendant, of the "east half of the south-west quarter of section six, in township ten north, of range five east," and that, at the time of the sale, she had not, nor has she since acquired, any title whatever to the land, &c.

The plaintiff replied by a general denial.

And, thereupon, the defendant moved to dismiss the action upon the ground that the title to real estate was in

issue by the pleadings, and that, therefore, the Common Pleas had not jurisdiction; but his motion was overruled, and he excepted.

The cause was then submitted to the Court, who found for the plaintiff 486 dollars. And having refused motions for a new trial and in arrest, rendered judgment upon the finding, and, for the payment thereof, ordered that the mortgaged premises, being the same described in said third paragraph, be sold, &c.

The action of the Court, in overruling the motion to dismiss, involves the only point in the case.

The statute enacts that the Common Pleas shall have no jurisdiction "where the title to real estate shall be in issue." 2 R. S. p. 18, § 11. It has, however, been decided that suits for partition are not within this general statutory rule, for the reason that the statute, in reference to these suits, expressly confers jurisdiction on the Common Pleas, and that the jurisdiction thus conferred, necessarily includes the power to settle the title to real estate, whenever, in such suits, it may be put in issue. *Wolcott* v. *Wigton*, 7 Ind. R. 44.—*Dixon* v. *Hill*, 8 *id.* 147.—*Holliday* v. *Spencer*, 7 *id.* 632.

We perceive no reason why, in cases to foreclose mortgages, the principle just stated, as applicable to partition suits, should not apply; and we are, therefore, inclined to hold that the jurisdiction given to the Common Pleas to foreclose mortgages, confers, also, the power, in such cases, to settle the title to the real estate whenever it shall be in issue. The motion to dismiss was correctly overruled.

The judgment is affirmed with 5 per cent. damages and costs.

*S. P. Oyler*, for the appellant.

*G. M. Overstreet* and *A. B. Hunter*, for the appellee.