May Term,
1860.

FLEMING and Others *v.* POTTER and Another.

FLEMING
v.
POTTER.

The certificate of acknowledgment of a deed was not bad, under the statute of 1838, for not stating that the wife was examined separate and apart from her husband, and the contents of the deed made known to her, as it is presumed, the contrary not appearing, that the officer taking the acknowledgment did his duty in this regard.

If the ground of objection to testimony do not appear, the objection will not be noticed on appeal.

Where there was no motion for a new trial on that ground, the refusal of the Court to give instructions is not assignable as error.

Where the evidence is not in the record on appeal, it will be presumed to have sustained the verdict.

It cannot be assigned as error that the jury did not find specially touching a given fact, if it do not appear that the Court directed them to do so.

Section 5 of the act organizing the Court of Common Pleas, giving that Court concurrent jurisdiction with the Circuit Court in all actions against heirs, devisees, &c., is not repealed or limited by the exception in § 11 of the same act, nor by § 5 of the act organizing the Circuit Court.

An exception to an authority granted by one section of a statute, cannot be held to qualify another and a different authority granted by another section in unqualified terms.

Thus the Common Pleas has jurisdiction in actions against heirs, &c., though the title to real estate be in issue, and the amount in controversy be more than 1,000 dollars.

An allegation that a person sold and conveyed land by deed, imports a conveyance in fee.

Tuesday,
June 12.

APPEAL from the *Lagrange* Court of Common Pleas.

WORDEN, J.—Action by the appellees against the appellants to establish the existence of certain deeds alleged to be lost, and for the specific performance of certain contracts, &c.

Answers were filed, issues joined, and the cause tried by a jury; verdict and judgment for the plaintiffs.

The defendants appeal and assign ten errors, which will be noticed in their order:

1. "The deed of *Newton* was not properly acknowledged by the wife, and the Court erred in permitting the record of it to be read to the jury."

The objection made to the introduction of the record of the deed was, "that the certificate of acknowledgment

was so defective that the deed did not convey the wife's interest in the land." The deed was executed by three men and their wives, and the justice who took the acknowledgment certifies that they all appeared before him and acknowledged the execution of the deed, &c., and that the *femes covert*, naming them, "being separate and apart from, acknowledged that they executed the same freely, and without fear or compulsion from their husbands." The certificate does not state that they were separate and apart from their husbands, nor that the contents of the deed were first made known to them. But all this was unnecessary. The deed was executed under the statute of 1838, which is the same as that of 1824. In *Stevens* v. *Doe*, 6 Blackf. 465, it was held, under the latter statute, that it would be presumed, the contrary not appearing, that the officer did his duty as to the separate examination of the wife, and making her acquainted with the contents of the deed, and that those facts need not be certified. The acknowledgment in question is undoubtedly good under the decision above mentioned, which we prefer to follow rather than some cases cited from *Ohio* to the contrary (1).

It may be observed that the code of 1843 requires the officer to state in his certificate of acknowledgment all the matters required to make the acknowledgment valid. R. S. 1843, p. 420, § 40.

2. "The Court erred in permitting the plaintiff below to prove the contents of two other deeds, and in refusing to strike out the evidence of them when it was shown that they were in existence, and under the control of the plaintiff."

There is a stipulation of counsel filed in the cause, by which it is agreed that that portion of the bill of exceptions, on which this assignment is predicated, shall be deemed to be stricken out.

3. "The Court erred in permitting *Potter*, one of the plaintiffs below, to swear to the contents of lost deeds."

The testimony was objected to, but the ground of the objection was not stated. Parties are competent witnesses

for some purposes, and the ground of objection to this particular testimony should have been pointed out, if any existed. *McGill* v. *Kennedy*, 11 Ind. R. 20, and cases there cited.

4. " The Court erred in refusing to instruct the jury that the evidence of *Potter* could only be taken for the purpose of proving the loss or destruction of the deeds, and for no other purpose."

There was no motion for a new trial, on the ground that the Court refused to give instructions. *Kent* v. *Lawson*, 12 Ind. R. 675.

5. " The evidence was not sufficient to sustain the verdict."

The evidence is not in the record; hence, we must presume it was sufficient.

6. " The jury should, at the request of the defendants below, have found what kind of a deed was made by *Newton* and wife."

The bill of exceptions shows that, at the proper time, the defendants, *Newtons*, moved the Court to require the jury, in case they should find a general verdict, to find specially, amongst other things, whether *Datus Newton* made a deed to *Brayton*, and if so, what kind of a deed was it, a quitclaim, mortgage deed, or warranty deed. It does not show, however, that the Court required the jury, in case they found a general verdict, to return such special answers, nor is there any exception taken to the refusal of the Court to give such direction. The jury, however, did return, in addition to a general verdict for the plaintiffs, a special finding that " *Datus Newton* made a sufficient deed of conveyance to *Abram Brayton*." Whether this was a sufficient answer to the interrogatories sought to be propounded to the jury, we need not determine, as it does not appear that the jury were required by the Court to answer special interrogatories at all.

7. " The Court erred in refusing to grant a new trial."

The evidence is not before us, and there is no apparent reason why a new trial should have been granted.

8. " The title to land was put in issue by the pleadings

and by the evidence; and the Court erred in refusing to dismiss the cause."

This assignment of error raises the most difficult question in the case.

The land mentioned in the deeds sought to be established, seems to have been owned by *Asa Flint* in his lifetime, and some of the defendants answered that they are, as the heirs at law of *Asa Flint*, deceased, the owners in fee of the undivided four-sevenths of the land, and they ask to have partition made thereof.

Replication in denial.

The defendants thus answering, seek a partition of the land, claiming ownership of a part thereof; but we do not deem it necessary to decide whether the case falls within the decision of this Court in the case of *Walcott* v. *Wigton*, 7 Ind. R. 44, where it was decided that the Court, having jurisdiction in partition, had the power to settle all questions of title arising, as incidental to a proper partition. The case, we think, stands upon different ground. The jurisdiction of the Court, if it have jurisdiction in this case, depends, perhaps, not upon its right to make partition, and, as incidental thereto, to settle questions of title, but upon the nature of the title set up by the defendants, and the character in which they claim the ownership of the land. The case of *Walcott* v. *Wigton*, however, settles an important principle in the construction of our statutes, which, if applied to this case, must sustain the jurisdiction of the Court below.

There are three statutory provisions that seem to have a bearing on this question. Section 5 of the act organizing Circuit Courts, (2 R. S. p. 5,) confers exclusive jurisdiction upon the Circuit Courts, in all cases "where the title to real estate shall be in issue, and where the amount involved is 1,000 dollars or upwards."

Section 5 of the act organizing Courts of Common Pleas, (2 R. S. p. 17,) gives the Circuit and Common Pleas Courts concurrent jurisdiction "in all actions against heirs, devisees, and sureties of executors, administrators, and guardians, in the partition of real estate, assignment

of dower, and the appointment of a commissioner to execute the deed on any title-bond given by the decedent."

Section 11 of the same act gives the Court of Common Pleas concurrent jurisdiction with the Circuit Court in all civil cases where the sum due or demanded, or the damages claimed, shall not exceed 1,000 dollars, except for slander, libel, breach of marriage contract, action on official bond, &c., and where the title to real estate shall be in issue.

The defendants, setting up title in themselves, are sued as heirs of *Asa Flint*, and they claim title as such heirs. There is no doubt that § 5 of the act organizing the Court of Common Pleas, when taken by itself, gives the Court jurisdiction in suits against heirs, although the title to real estate be involved. The jurisdiction thus conferred by that section is unlimited, and unqualified in this respect. It is such as ordinarily attends Courts having the settlement of the estate of deceased persons, whether denominated Probate Courts or called by any other name. This Court has decided that a statute authorizing a party to proceed in the Court of Common Pleas to foreclose a mortgage, gives that Court jurisdiction, although the title to real estate be put in issue. *Holliday* v. *Spencer*, 7 Ind. R. 632. So here, the statute gives that Court jurisdiction in suits against heirs, and in such cases the jurisdiction is not divested because the title to real estate comes in question, unless some other statute takes it away.

The exception in § 11 of the same act cannot have that effect. That section gives the Court an extended jurisdiction, beyond that contemplated in § 5, and beyond that of a Probate Court proper, and the exception qualifies only the extended jurisdiction thus conferred. An exception to an authority granted by one section of a statute, cannot he held to qualify another and a different authority, granted by another section in unqualified terms. But the provision in the act organizing Circuit Courts, conferring upon those Courts exclusive jurisdiction when the title to real estate shall be in issue, presents more difficulty. This provision was approved after the others mentioned, and it might, with much plausibility, be contended that it repeal-

ed, by implication, everything inconsistent therewith. But this question was involved in the case of *Walcott* v. *Wigton*, *supra*. The same section of the law which gives the Common Pleas jurisdiction in partition, gives it in suits against heirs. It was held that the jurisdiction in partition was unaffected by the Circuit Court act, although the title to real estate was put in issue. In other words, it was virtually determined that the law giving the Circuit Courts exclusive jurisdiction in all cases where the title to real estate shall be in issue, should not be construed to extend to cases of partition. The same principle has been held in another case. *Wiggins* v. *Holman*, 5 Ind. R. 502. There it was held that in suits against administrators, the jurisdiction of the Common Pleas is not limited to 1,000 dollars. The same statute, it will be observed, which gives the Circuit Court exclusive jurisdiction where title to real estate is in issue, also gives it where 1,000 dollars or upwards is involved. These cases can be upheld only on the principle that the several provisions of the statute are to be construed together, so as to give effect to each as far as possible. This seems to be the settled construction. This construction of the statutory provisions, leaves the Common Pleas Court invested with jurisdiction in suits against heirs, where the title to real estate is in issue, as well as in suits for partition, or in suits against administrators where more than 1,000 dollars is involved. This view is fully sustained by the case of *Fleece* v. *The Indiana, &c., Railroad Co.*, 8 Ind. R. 460, which was a suit against an administrator to recover more than 1,000 dollars. The Court say, that "the actions contemplated in §§ 11 and 12 of the Common Pleas act, and in § 5 of the Circuit Court act, are different from those specified in § 4 of the Common Pleas act, and the provisions in the statute touching the former class, do not necessarily affect the latter."

The jurisdiction of the Common Pleas, as conferred by § 4 above mentioned, and by § 5, upon which the case at bar depends, stands upon the same basis; and the case above cited is conclusively in point.

Perhaps it may be deduced from the statutes that it was

May Term,
1860.

FLEMING
v.
POTTER.

the intention of the legislature, by §§ 4 and 5 of the Common Pleas act, to confer upon that Court what they deemed to be legitimate probate jurisdiction, and that such jurisdiction should be unqualified and unlimited; and that §§ 11 and 12, conferring a new and independent jurisdiction, should not extend to the amount of 1,000 dollars, or the investigation of titles to real estate.

9. " The value of the land in controversy was 1,000 dollars, and, therefore, the Court have no jurisdiction."

What we have said in reference to the preceding assignment of error, sufficiently disposes of this.

10. " The Court erred in rendering a judgment that the deeds destroyed were deeds in fee; for the complaint does not claim them to have been such, nor does the jury find what kind of deeds they were."

We do not discover that the defendants made any objection in the Court below, to the judgment, in respect to the matter embraced in this assignment of error. But passing over the want of objection below, we see no error in this respect. The complaint, to be sure, does not, in terms, allege the deeds to have been in fee. It is alleged that the parties sold and conveyed the land by deed, without qualification. This we think imports, plainly, conveyances in fee. Either in common or legal parlance, at least in this country, where the fee simple of land passes freely from hand to hand like an article of commerce, and where the fee is ordinarily conveyed, when a deed or conveyance is spoken of, a conveyance of the fee is understood, unless it be expressed or intimated that a less estate is granted. The verdict finds generally for the plaintiff, and that the matters alleged in his complaint are true.

We have thus examined the several errors assigned, and find none which we think should reverse the judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Ellison*, for the appellants.

*J. B. Howe*, for the appellees.

(1) *Good* v. *Zercher*, 12 Stanton (Ohio), 364.