VAUGHN
v.
STUZAKER.

There is no such offense under our criminal code as public indecency.

*Saturday,*
*June 8.*

---

VAUGHN *v.* STUZAKER.

Where a suit is brought on notes, and to foreclose a mortgage for the purchase money of land, in the Court of Common Pleas, and the defendant answers that the plaintiff was not at the time of the sale, and has not since been, the owner of a part of the land, such answer does not oust the jurisdiction of the Common Pleas.

If the land over which a highway passes has been seized and appropriated to that purpose by the right of eminent domain, the freehold still technically remains in the owner of the soil, and a covenant of seizin is not broken by the existence of such an encumbrance upon the land conveyed. The same rule obtains where the owner himself grants the right of way for a highway or street over the soil owned by him.

But where the owner of land, by deed, conveys a part thereof to another, to be used and occupied as a street, together with the reversion and remainder, and all the estate, right, title, &c., of such owner in and to the same, no interest is left in such owner that can be sold and conveyed by him.

*Saturday,*
*June 8.*

APPEAL from the *Lagrange* Common Pleas.

HANNA, J.—Suit on notes, and to foreclose a mortgage. The defendant answered that he purchased of plaintiff all

of block three, containing ten lots, in, &c., for $680; that <span>May Term, 1861.</span> plaintiff executed a deed with full covenants, &c.; that the notes were given for a part, and the mortgage to secure all, of the purchase money, &c.; that the plaintiff was not then, nor has he since been, the owner of the two north lots of said block, but that they were then a part of a public street, and the defendant has been by order of the Court compelled to permit them to be used for that purpose; that they were worth $65 each, and that the balance of said purchase money has been paid.

<span>VAUGHN v. STUZAKER.</span>

The plaintiff replied: First. A denial. Second. That the use of the two north lots for the purpose of a street, for more than eight years before the purchase by the defendant, was notorious and known to the defendant, and he purchased subject to the same.

The evidence is not all in the record. There was a general verdict for the plaintiff, and findings on special points. Motion for a new trial overruled, and judgment for the plaintiff.

The first point made in this Court is that the Common Pleas had no jurisdiction. This has been heretofore settled. *Harvey* v. *Dakin*, 12 Ind. 481; and *Toner* v. *Mitchell*, 13 Ind. 530.

The next question arises upon the construction which should be given to a deed which was in evidence, and 'is presented by an instruction of the Court, as follows: "That said deed did not convey to *Jenks* the fee simple to said two lots, but it conveyed merely a use to the public for a street; that there still remained in *Bassenger* a reversionary interest that he could convey to *Stuzaker*, and *Stuzaker* conveyed that interest to the defendant, and that was sufficient title to disprove the facts set up in defense, as to a total want of the title in *Stuzaker*, and authorizes the recovery of the amount of the notes and mortgage for the purchase money."

The deed of *Bassenger* quit claimed to one *Jenks* the two lots, "for the purpose of being used and occupied for *Canal Street*, altered, together with all and singular the hereditaments, &c., and the reversion and remainder, rents, issues, and profits thereof, and all the estate, right, title, interest, claim

and demand whatsoever of the said party of the first part, in and to said premises: to have and to hold said premises, for the before mentioned purposes," &c.

Was the instruction right? The intention of the grantor, *Bassenger*, was, so far as can be gathered from the deed, that the land conveyed to *Jenks* was so conveyed for a specific purpose, namely, to be used by the public as a street. If the said land had not been accepted for that purpose, the end intended to be accomplished would have been defeated, and the title would have remained in the grantor, unless controlled by other clauses of the deed. *Westfall* v. *Hunt*, 8 Ind. 174.

If, after accepting the grant for the purpose named, the land should not be used for that purpose, or the user thereof for that purpose should cease, the right of the grantor to re-enter is recognized by the case of *Scott* v. *Stipe et al.*, 12 Ind. 74, in an instance where there was a grant for one purpose alone. But the question in this case is, whether, during the time the land was occupied under and in pursuance of the grant, the grantor had any such reversion, or expectant, or contingent interest, as he could convey to a grantee.

If the land over which a public highway passes, has been seized and appropriated to that purpose by the right of eminent domain, it is held that the freehold still remains in the owner of the soil. Rawle on Cov. 142; *Whitbeck* v. *Cooke*, 15 Johns. 483. It is also held that a covenant of seizin is not broken by the existence of such an encumbrance upon the property conveyed. Rawle on Cov. 83. Of course then, as the owner of the soil over which the easement passes is still, technically, seized of the freehold, he would have the right to convey it, where that right of passage, &c., had been established as before mentioned. We are not able to perceive why the fact that he granted the right of way, &c., for a highway, or street, would place the owner of the soil in any worse position than he would occupy if, by the right of eminent domain, such way had been established by the proper authority. But in the case at bar, *Bassenger*, when he granted the land for the purpose indicated, at the same time granted the reversion and remainder to *Jenks*, his grantee. The effect of the latter

clause of the deed would be to vest in *Jenks* the reversionary right, if any, that might arise out of a failure to apply the property to the purpose for which it was conveyed. Whether the obligation might not still rest upon *Jenks* to keep the property in a condition that the public, or the grantor, his assignees, or others owning lots adjacent, might, if they chose, pass and repass, even after it should cease to be a public street, or highway, is a question not before us.

What we do decide is, that *Bassenger*, by the deed to *Jenks*, divested himself of all such interest in the two lots as might be the subject of sale, or upon which a consideration could be based; therefore he passed no interest, by any subsequent deed, to his vendees in said lots. It follows that his remote vendee, the plaintiff in this case, had no title upon which a consideration could rest in the two lots named; and as the answer states that they were included in the sale, and were of the average value of the other lots included in the same sale, the instruction was consequently erroneous.

*Per Curiam.*—The judgment is reversed, with costs.

*A. Ellison,* for the appellant.

*J. B. Howe,* for the appellee.