*J. B. & J. F. Julian*, for appellant.

*W. A. Peele*, and *J. P. Siddall*, for appellees.

———————————◆———————————

BOURGETTE and Another *v.* HUBINGER and Others.

COMMON PLEAS COURT.—*Jurisdiction.*—*Title to Real Estate.*—The common pleas court is not deprived of jurisdiction by reason of the title to real estate being put in issue in a cause commenced in that court, when it does not appear on the face of the complaint that such question is involved, and no subsequent pleading raising that issue is verified by affidavit.

SAME.—*Mechanic's Lien.*—Where the question of title to real estate is incidentally put in issue in the common pleas in a case in which jurisdiction is expressly conferred on that court, as in a suit to enforce a mechanic's lien, the jurisdiction is not thereby ousted.

MECHANIC'S LIEN.—*Insufficient Notice.*—*Practice.*—In an action to enforce a mechanic's lien under the statute, the objection that the notice of the lien filed in the recorder's office does not contain a sufficient description of the property against which the lien is sought, is not raised by demurrer to the complaint, but by motion to strike out that part of the complaint relating to the lien.

SAME.—*Pleading.*—*Complaint.*—The question of the indebtedness and of the right to the lien are properly presented in the same paragraph of the complaint.

Bourgette, and Another *v.* Hubinger and Others.

DEPOSITIONS.—*Parties.*—Where a party to a suit is a competent witness, his deposition may be taken under the rules governing the taking of the depositions of other witnesses.

APPEAL from the Bartholomew Common Pleas.

ELLIOTT, J.—Three several suits were instituted, one in favor of Hubinger, Dorsey & Co., against Bourgette and Snyder, on an account and promissory note. The complaint alleges that the defendants built and constructed a distillery on property known as "the distillery property" (which is then described by metes and bounds), in Bartholomew county, and at their instance and request the plaintiffs furnished and put up in said distillery the machinery, works, and materials therefor, a bill of particulars of which is filed with the complaint, amounting to $298.32, for a part of which, to wit, $284.85, the defendants, on the 28th of March, 1867, executed to the plaintiffs their promissory note, due at thirty days; that on the 8th day of April, 1867, and within sixty days from the time they completed said works, machinery, and materials, the plaintiffs filed in the recorder's office of said county a mechanic's lien on said machinery, materials, distillery, and land, which was duly recorded; that said indebtedness is due and unpaid. A copy of the notice of the lien is also made part of the complaint. Prayer for judgment for $350; that it be adjudged a lien on said property; and for a sale thereof, &c. The notice of the lien is as follows: "To all whom it may concern.—Take notice, that the undersigned intend to hold a lien on the following described property, being part of the northwest quarter of sction 3 town 8, range 7 east, situate in or near the town of Burnsville, in Bartholomew county, Indiana, and all buildings, improvements, machinery, and appurtenances of every kind thereon, it being the distillery property constructed by Jacob Bourgette; said lien hereby made and created being for materials furnished, work and labor rendered, in and upon said distillery, at the request of Jacob Bourgette, and the same amounts to $298.30, for

which said Bourgette has executed his note. This 8th day of April, 1867. Hubinger, Dorsey & Co."

It was filed and recorded in the recorder's office on the same day it bears date.

The defendants demurred separately to the complaint. The demurrers were overruled, and Snyder then answered in three paragraphs.

1. The general denial.

2. That he never was a partner, or in any way connected with his co-defendant, Jacob B. Bourgette, in the erection or construction of the distillery described in plaintiffs' complaint; that he never in any wise contracted or agreed in any way or manner with the plaintiffs for the payment of any demands made or entered into by his co-defendant; that he never executed in any wise the note sued on as described in the plaintiffs' complaint, nor authorized either Bourgette, the said co-defendant, or any one else, to sign his name either to a note or any other contract or agreement; that he never ratified, in any way, the said signature, and that he does not owe, either singly or in connection with his co-defendant, or any one else, the amount of one cent to the plaintiffs; and that he never authorized any person, at any time, to execute a note or any instrument to these plaintiffs. This paragraph was verified by the affidavit of Snyder.

3. That he is the owner, in fee simple, of the property and lands described in plaintiffs' complaint; says he never executed the note sued on in plaintiffs' complaint; that he never ordered any of the purchases, and had no knowledge of the same, and never ratified the same, and had no knowledge of the work and labor set forth in plaintiffs' complaint being performed; that said lands were deeded to him long before the filing of said mechanic's lien in the recorder's office of the county, and before the property was purchased from plaintiffs; and he further says that when he purchased said property he had no knowledge of any lien

of plaintiffs on said land; that he is the *bona fide* owner of the same, and that Bourgette, his co-defendant, has no title or interest in the said land; that the land was conveyed to him by warranty deed, for a valuable consideration, on the 29th day of August, 1866; and that he never purchased any materials from plaintiffs, and had no knowledge of the same being purchased, and never authorized any one to purchase said materials for him in any manner whatever; wherefore he asks that said lien be declared void, &c.

'Bourgette answered in two paragraphs.

1. The general denial.

2. Admitting that the plaintiffs furnished the machinery, &c., as alleged, and that he executed the note sued on, but alleges that at the time the machinery was furnished and delivered to him, and a long time prior thereto, he was not the owner of the property sought to be reached, and had no interest whatever in said property; that he conveyed and sold said property to one Adam Snyder, for a valuable consideration, on the 29th day of August, 1866; that he has now no title or interest whatever in said property, and had none at the date of the purchase of said materials; and that Snyder never ordered the purchase of said property, and had no knowledge of the same; wherefore he prays judgment.

The plaintiffs filed separate replies to the separate answers of Bourgette and Snyder; but, as they are substantially the same to each, it will only be necessary to refer specially to that to the answer of Snyder, which consists of four paragraphs.

The first is the general denial.

2. That said pretended deed of conveyance was executed by said Bourgette to said Snyder as and for a security to said Snyder; that Snyder was furnishing the means wherewith said distillery was to be constructed, and lent his name in procuring the material and labor for the construction of the same, and was interested therein as partner; and, to indemnify and secure the said Snyder therein, the said Bour-

gette executed said deed to him; that the same was intended as a security only and a mortgage as aforesaid, and the same is subject to said claim of plaintiffs.

3. That the said distillery was being constructed as aforesaid, and material and labor furnished therefor, and said Snyder, knowing said facts, stood by and suffered and permitted said plaintiffs to render said labor and furnish said material, without objection and without notifying these plaintiffs of any interest he held in said property; he superintended the construction of the same in all its parts, and started and run the said machinery after the same was constructed, and has used and occupied said distillery continually since its completion; that he knew of the construction of said distillery, and in no way claimed the ownership of said property; wherefore, &c.

4. The plaintiffs for further reply say that said deed was made to said Snyder by said Bourgette for the fraudulent purpose of cheating and delaying said Bourgette's creditors; that he was largely indebted and contemplated indebtedness, and to cheat and defraud said creditors, and especially these plaintiffs, said deed of conveyance was made and executed; that it was done through the collusion and fraud of said Snyder and Bourgette, to defraud said Bourgette's creditors, and said Snyder paid no consideration therefor; wherefore, &c.

Another of said actions was instituted by Kerr, Payne & Co. against Bourgette alone, on an account for $93.24, for materials in the erection of a distillery, and forming a part of the machinery thereof, furnished by the plaintiffs to Bourgette. It is alleged in the complaint that, by the terms of the contract, said sum became due on the 24th day of February, 1867; "that the materials were used in erecting a distillery on the following described premises, to wit: part of the northwest quarter of section 3, town 8, range 7 east, situate in the town of Burnsville," in Bartholomew county, Indiana; that said premises were, at the time of making said contract, "and until the filing of notice

of lien hereinafter mentioned, the property of said defendant; that on the 25th day of January, 1867, and after the performance of said contract, within sixty days after the completion of said distillery, the plaintiffs filed with the recorder of said county, notice of the lien claimed upon said premises for said indebtedness;" specifying the amount of the claim, and the name of the defendant as the person indebted and the owner of the property; that the claim remains unpaid; and demands judgment, for the sale of the premises, &c.

The notice of the claim and lien, filed in the recorder's office is as follows: "Mr. J. B. Bourgette, take notice that I intend to hold a lien on the following described property furnished to you and used by you in repairing and building the distillery located on the following described property, to wit: part of the north-west quarter of section 3, town 8, range 7 east, situate in the town of Burnsville, Indiana, county of Bartholomew, for the sum of ninety-three and 24-100 dollars." It was filed in the recorder's office, January 25th, 1867. Attached is a bill of particulars of the account, the last item of which is dated November 25th, 1866.

Bourgette demurred to the complaint. The demurrer was overruled, and he then answered in two paragraphs. The first is a general denial. The second admits that he purchased the materials of the plaintiffs as alleged in the complaint, but says that prior thereto, on the 29th day of August, 1866, for a valuable consideration he sold and conveyed the property, on which a lien is sought, to Snyder, and has no title or interest therein, and prays that Snyder be made a party.

The third case referred to is a suit brought by Sitze against Bourgette, for $19.91, for materials furnished in the erection of the distillery on the property described in the complaint as the north-west quarter of section 3, town 8, range 7 east, situate in the county of Bartholomew, and State of Indiana, in the town of Burnsville, belonging to the de-

fendant, on which a lien is claimed. It is alleged that no-
tice of a lien was filed in the recorder's office, and recorded
on the 25th day of January, 1867, and within sixty days
after the completion of said distillery. The notice reads as
follows: "Mr. J. B. Bourgette, take notice that I intend
to hold a claim on the following described property fur-
nished to you and used by you in repairing and building
the distillery located on the following described property,
to wit: part of the north-west quarter of section 8, town 8,
range 7 east, situate in the town of Burnsville, county of
Bartholomew, State of Indiana, for the sum of $19.91.
November 25th. To piping, $19.91. John Sitze."

A demurrer was filed to the complaint by Bourgette,
which was overruled. He then filed an answer, which is in
substance the same as that filed to the complaint of Kerr,
Payne & Co.

Snyder on his own application was admitted as a defend-
ant to the two actions last named, and filed an answer in
each, in which it is alleged that he is the owner in fee sim-
ple of the real estate sought to be reached by the plaintiffs'
lien; that Jacob B. Bourgette, his co-defendant, for a valu-
able consideration, sold and conveyed to said Snyder, on
the 29th day of August, 1866, and the deed was duly re-
corded in the recorder's office of the county, before the
time said materials were furnished or contracted for; and
long before said lien was filed in the recorders's office he
was the owner as above set forth; that said Snyder had
no knowledge of the purchase of said materials set forth in
plaintiffs' complaint, and never consented to the purchase
of any material for said buildings; and that his co-defend-
ant had no title or interest in any of the said lands and
buildings whatever; wherefore, &c.

Replies were then filed to the answers of both defendants
in each of the last named actions, putting them at issue.
One of the paragraphs in reply to the answer of Snyder in
each case alleged that the conveyance of the property by
Bourgette to Snyder referred to in his answers was made

wit :ont any consideration, and for the purpose of hinder-
ing, delaying, and defrauding the creditors of Bourgette,
and was therefore null and void.

The several cases, by order of the court, were then con-
solidated for trial, and were submitted to the court, a jury
being waived.  The court found for the defendant Snyder,
on his answer denying the execution of the note in favor
of Hubinger, Dorsey & Co.; that the several claims were
due from Bourgette to the several plaintiffs, as alleged in
their complaints; that said several sums were liens on the
real estate in controversy; and that the conveyance thereof
from Bourgette to Snyder was fraudulent and void as to the
plaintiffs.

Motion for a new trial in each of the original cases was
made by Snyder and overruled, and judgments in accord-
ance with the finding.  Separate errors are assigned, but
most of them present the same question in each case.

1. The first point raised by the appellants for a reversal
of the judgment is, that the answer of Snyder and the
issues made thereon put in issue the title to real estate,
which deprived the court of common pleas of further juris-
diction of the cause, and the case should have been certified
to the circuit court.

Section 11 of the common pleas act (2 G. & H. 22) pro-
vides that, "in all civil cases, except for slander, libel,
breach of marriage contract, and when the title to real estate
shall be put in issue as hereinafter provided, the court of
common pleas shall have concurrent jurisdiction with the
circuit court," &c., and then provides that "when it appears
upon the face of the complaint or by other legitimate
pleadings verified by affidavit, that the title to real estate
is in issue in the common pleas court of any county," the
cause shall be transferred to the circuit court.  Here it
did not appear on the face of the complaint that the title to
real estate was in issue; nor were any of the subsequent
pleadings raising such an issue verified by affidavit and
hence the case was not brought within the exception stated

in the statute.    Besides, the 651st section of the code (2 G. & H. 300) expressly gives the court of common pleas concurrent jurisdiction with the circuit court in cases to enforce mechanics' liens, and it is settled by numerous decisions of this court that where the question of title to real estate is incidentally put in issue in a case in which jurisdiction is expressly conferred on the court of common pleas, its jurisdiction is not thereby ousted.    *Holliday* v. *Spencer,* 7 Ind. 632; *Toner* v. *Mitchell,* 13 Ind. 530; *Fleming* v. *Potter,* 14 Ind. 486; *Vaughn* v. *Stuzaker,* 16 Ind. 338.

2. Overruling the demurrers to the several complaints is the next question urged for a reversal.    The objection made is, that the notices of the liens filed in the recorder's office were void for want of a sufficient description of the property.    This question is not properly raised by the demurrers.    The complaints are good as causes of action, entitling the plaintiffs, at least, to personal judgments; and hence the demurrers were properly overruled.    The question of the sufficiency of the notices might have been raised by a motion to strike out that part of the complaint relating to the lien, as in *Howell* v. *Zerbee,* 26 Ind. 214.

3. There was no error in refusing to require the plaintiffs to divide their complaints into two paragraphs.    The suits were brought under the statute in relation to mechanics' leins, and the question of indebtedness and the right to the lien were properly presented in the same paragraph.

4. The objection urged to the deposition of Hubinger, one of the plaintiffs, was settled adversely to the appellants, in *Abshire* v. *Mather,* 27 Ind. 381.

5. The refusal of the court to grant a new trial is one of the errors assigned.    One of the reasons filed for a new trial was, that the finding of the court is contrary to the evidence. The objection urged, in argument, to the evidence is, that it does not sustain the finding that the deed from Bourgette to Snyder was fraudulent and void as to the plaintiffs.

We have given to the evidence an attentive examination,

and while it does not seem to us to show, very conclusively that Snyder bought the property with the fraudulent purpose charged to him, yet, viewing it without those important tests of truth, the opportunity of seeing the witnesses, hearing them testify, and observing their conduct and appearance on the witness stand, which were afforded to the judge who tried the case in the court below, we think it still shows too many indications of a fraudulent purpose on the part of Snyder to justify us in saying that it does not sustain the finding.

Several other errors are assigned, but as they are not noticed or discussed by appellants' counsel, we have not examined them.

The judgment is affirmed, with costs.

*W. & W. W. Herod* and *J. N. Kerr,* for appellants.

*R. Hill, G. W. Richardson,* and *F. T. Hord,* for appellees.