## GAVIN ET AL. *v.* GRAYDON.

DECEDENTS' ESTATES.—*Petition to Sell Lands in Two Counties.—Publication of Notice.*—Where lands situated in Ripley county were sold in the course of administration, on petition of the administrator in Decatur county to sell other lands lying in Decatur county, with the lands situated in Ripley county, it was not necessary that the notice of the petition to sell should be published in Ripley county, the administration being in Decatur county, where publication was made.

SAME.—*Jurisdiction of Common Pleas to Try Title.—Conclusiveness of Judgment.*—Where, after the land had been struck off, but before confirmation of the sale, an heir of the deceased, against whom publication had been made appeared and contested the title of the estate to one undivided half interest in the property in Ripley county, alleging that he had conveyed to the deceased one undivided half interest only in said land, and that the deed had been fraudulently altered so as to convey the entire interest therein, and thereupon an issue was formed and tried, resulting in a finding that the deed had not been altered, and the sale was confirmed;

*Held,* that the court of common pleas had jurisdiction to try the title, and that the finding was conclusive on the heir, and could not be attacked in a proceeding in the circuit court against the purchaser.

SAME.—The record of a domestic court of general jurisdiction need not show affirmatively jurisdiction over the persons of the parties, to authorize its introduction in evidence in a collateral proceeding. An application to sell land in the course of administration stands upon the footing of an ordinary adversary judicial proceeding in a court of superior jurisdiction, and where jurisdiction has once been acquired, subsequent errors will not subject the proceeding to collateral attack.

SAME.—*Appearance.—Collateral Proceeding.*—The heir having appeared after the sale and made his objection in hostility to the title of his ancestor, and that objection having been overruled, and the sale confirmed, and the purchase-money paid, he was concluded by that judgment, as long as it stood unreversed, and he could not be heard to make other objections to the proceedings afterward.

EVIDENCE.—*Judgment.—Estoppel.*—Where a judgment is given in evidence, it is as conclusive in its effect as if it were specially pleaded by way of estoppel. The conclusiveness of a judgment rests not upon the doctrine of estoppel, but upon the ground that the whole community have an interest in holding the parties conclusively bound by the results of their own litigation.

APPEAL from the Ripley Circuit Court.

OSBORN, C. J.—This was an action brought by the appellee, Eric M. Graydon, against the appellants to recover the possession of the undivided half of real estate in Ripley county.

The appellants answered by a general denial, and also a

paragraph setting up the proceedings in the court of common pleas of Decatur county for the sale of the said land on the petition of the administrator of the estate of Gustavus B. Graydon, deceased.

To the last paragraph a demurrer was filed and sustained, to which exceptions wa taken.

The cause was tried by the court, resulting in a finding for the appellee. A motion for a new trial was filed, which was overruled, to which exception was taken, and final judgment rendered for the appellee on the finding.

The evidence shows that on the —— day of ————, the appellee was the owner in fee simple of the real estate in controversy; that on that day he and his wife, Ebba, executed a deed of conveyance to Gustavus B. Graydon for an interest in the land. The deed was properly acknowledged and recorded; as recorded, it was for the entire interest in the land.

On the —— day of ————, Gustavus B. Graydon died, intestate, without issue, and leaving the appellee, his father, Ebba, his mother, and his brother, his sole and only heirs. Cortes Ewing took out letters of administration upon his estate in the county of Decatur, and in the court of common pleas of that county filed his petition to sell the real estate situated in the counties of Decatur and Ripley, including the land in controversy. The petition was in the usual form, containing the usual and proper averments. Proper notice was given, and an order for the sale of the real estate made by the court, to sell at private sale, and, after notice, the land was sold to James Gavin, one of the appellants, for one thousand two hundred dollars, that being its full appraised value. We have examined the record of the proceedings, and find them regular. On the return of the sale by the administrator, the appellee appeared and objected to its confirmation. He filed his objections, in which he stated that the deed which he executed to his son, Gustavus, had been altered after its execution, without his knowledge or consent; that when it was executed, it was for

Gavin *et al. v.* Graydon.

the undivided half of the land. As an excuse for not appearing and making defence before the order of sale was made, he alleged that he had no actual notice of the pendency of the petition until after the sale of the land to Gavin.

The court allowed him to make his defence. The administrator filed a denial to the allegations in the petition, and the issue was tried by the court. After hearing the evidence, the court found against the appellee, that the deed had not been altered as alleged, confirmed the sale, and ordered a deed to be made. Afterward, a deed was made by the administrator to the purchaser, under which he and the other appellants now hold possession of, and claim title to, the land, and actually exclude the appellee therefrom.

Although the court sustained a demurrer to the second paragraph of the answer, the appellants were permitted to introduce in evidence the proceedings of the common pleas court ordering the sale of the land, together with the administrator's deed therefor.

After the introduction of the proceedings of the common pleas court in evidence, the court, over the objection of the appellants, allowed the appellee to introduce evidence to show the alteration of the deed.

The appellants insist that the proceedings and judgment of the court of common pleas were conclusive, and that it was not competent for the appellee to introduce any evidence to impeach it by showing title in himself or any alteration of the deed. The appellee, on the other hand, contends that the court of common pleas had no jurisdiction to try the title of the land, or in any manner to adjudicate or determine the question of the alteration of the deed.

Sec. 4, 2 G. & H. 20, confers upon courts of common pleas original exclusive jurisdiction "of all matters relating to the settlement and distribution of decedents' estates."

Sec. 75, page 506, provides, that "whenever any executor or administrator shall discover that the personal estate of the decedent is insufficient to pay the liabilities thereof, the

court having jurisdiction shall order to be sold the whole or any part of the real estate of the deceased, upon such executor or administrator filing a petition therefor," setting forth, among other things, "a description of the real estate of the deceased, liable to be made assets for the payment of his debts; * * the title which the deceased had therein at his death; the names and ages of the heirs, legatees, or devisees, if any, of the deceased."

After providing for notice of the pendency of the petition, and of the time and place of hearing, and some other matters, it is provided in section 81, page 508, that "such executor, administrator or creditor, upon the hearing of such petition, may be examined under oath, witnesses be compelled to attend and testify, and depositions be taken touching the same, under the usual regulations of law; and if the facts set forth in the petition appear to be true, the court shall grant an order empowering such executor or administrator to sell the whole or so much of the real estate as is necessary to pay such debts, as the interest of the estate may require."

Exclusive jurisdiction is conferred upon the court to order the sale of real estate, and it seems to us that the power to make the order carries with it the right to determine the title. *Wolcott* v. *Wigton*, 7 Ind. 44; *Holliday* v. *Spencer*, 7 Ind. 632; *Fleming* v. *Potter*, 14 Ind. 486; *Bourgette* v. *Hubinger*, 30 Ind. 296; *Simpson* v. *Pearson*, 31 Ind. 1.

The statute requires that the administrator shall allege in the petition what title the decedent had in the land at his death. It requires the court to inquire into the truth of the facts set forth in the petition; and for that purpose the administrator may be examined under oath, witnesses compelled to attend and testify, and depositions taken touching the same under the usual regulations of law. The statute, we think, contemplates a trial of all the facts alleged in the petition; that the statements may be denied, or confessed and avoided; that issues of law and fact may be formed and tried. *Riser* v. *Snoddy*, 7 Ind. 442. Whether the allegations are denied or not, we think the court ought to be satisfied

that the facts set forth in the petition are true before it grants an order of sale. *Martin* v. *Starr*, 7 Ind. 224.

The petition or complaint made the persons named as heirs defendants. It charged that the decedent died seized in fee simple of the land, and that the appellee claimed or held as his heir. The statute makes no provision for personal service of summons. The only notice provided for is a constructive notice. What effect the proceedings would have upon the rights claimed, otherwise than by descent—that is, rights and interests claimed in hostility to the alleged ancestor—if the party named as heir did not appear and assert them, we need not inquire in the case.

The appellee appeared and gave the court jurisdiction over his person, and disputed a necessary allegation in the petition, the title of the decedent at the time of his death. The court had full and complete jurisdiction of the person of the appellee and of the subject-matter, and its adjudication was binding upon the parties. If the determination had been in favor of the appellee, only the undivided half of the land could have been sold under the order of the court; and as the entire interest had been sold, the sale would have been set aside and the order authorizing it vacated or modified so as to direct the sale of the undivided half of the land.

The appellee also contends that the record of the proceedings in the common pleas does not sufficiently show that the proper notice was given of the pendency of the petition. We think otherwise. It appears that the notice required by the statute was given. It was not necessary that the notice should be given in a newspaper published in Ripley county. The petition was pending in the common pleas of Decatur, and that was the county in which to publish the notice. It is not necessary to the validity of the proceedings of a domestic court of general jurisdiction that the record should show affirmatively that notice was given when the record is attacked collaterally, and when nothing appears in it inconsistent with the fact of notice having been given.

*Horner* v. *Doe*, 1 Ind. 130; *Doe* v. *Harvey*, 3 Ind. 104; *Gerrard* v. *Johnson*, 12 Ind. 636.

An application to sell lands in the course of administration stands upon the footing of an ordinary adversary judicial proceeding in a court of superior jurisdiction, and where jurisdiction has been acquired in such a proceeding, subsequent errors in the course of its exercise will not subject the judgment to successful collateral attack. *Spaulding* v. *Baldwin*, 31 Ind. 376; *Dequindre* v. *Williams*, 31 Ind. 444; *Jackson* v. *Robinson*, 4 Wend. 436; *Jackson* v. *Crawfords*, 12 Wend. 533.

The appellee appeared in the common pleas, and asked and obtained leave to try the question of title, after the sale and before confirmation. He made no objection to any of the proceedings, pointed out no omission. His sole objection to the confirmation was, that he owned the undivided half of the land in hostility to Gustavus B. Graydon, and not as his heir. If the court erred in permitting him to make the defence at that time, he cannot avail himself of the error. We think the trial ought to have the same effect as if it had taken place before the order of sale. We also think that, having appeared and filed objections to the confirmation, he ought not to be permitted to make others after the sale has been confirmed, the purchase-money paid, and the deed executed by the administrator, especially collaterally.

The judgment of the court, that the deed had not been altered, and that Gustavus B. Graydon, at his death, was seized in fee simple of the real estate, is conclusive against the appellee, and until that judgment is reversed, or otherwise vacated, he cannot be heard in court to contradict it.

The appellants pleaded the judgment as an estoppel, and if it was necessary to plead it to make it conclusive against the appellee, the court committed an error in sustaining a demurrer to it. Under the general denial the appellants could give in evidence every defence to the action. 2 G. & H. 283, sec. 596.

It is well settled that, when pleaded, the judgment is con-

Gavin *et al. v.* Graydon.

clusive. But whether it is so or not, when given in evidence under the general denial, has been doubted. It is also settled that when the party has had no opportunity to plead the estoppel in bar, and it is offered in evidence, it is equally conclusive as if it had been pleaded. 1 Greenl. Ev., sec. 531. Mr. Greenleaf, in the section referred to, concludes that "notwithstanding there are many respectable opposing decisions, the weight of authority, at least in the United States, is believed to be in favor of the position, that where the former recovery is given in evidence, it is equally conclusive, in its effect, as if it were specially pleaded by the way of estoppel." Sec. 531, *supra*, and note. Phillipps Ev. part 2, Cowen & Hill's notes, 29, note 20.

It is denied that the doctrine of estoppel is strictly applicable to the case of a judgment. "An estoppel is always something personal—the party is estopped from recovering his claim, or proving his defence, by some act in law, or in deed, or *in pais*, which precludes him from going beyond it, and proving all the case. It always arises from the act of the party estopped by it; but if the opponent, instead of relying on this act, will go beyond it, and put the cause at issue on other, and especially anterior, facts, the estoppel, being waived by him who had a right to avail himself of it, ceases to operate. But a former trial, verdict and judgment is not the act of the party, but of the tribunal which decided it, and to call it an estoppel, is a misapplication of terms; it has not the distinguishing mark of an estoppel; it is not the consequence of some act of the party bound by it; it is a bar to future recovery in any court, on the same point, between the same parties or privies, until reversed." Huston, J., 17 S. & R. 319.

The conclusiveness of the judgment rests not upon the doctrine of estoppel, but upon the ground that the whole community have an interest in holding the parties conclusively bound by the result of their own litigation; that the peace and order of society require that when a matter has been once adjudicated and settled, this puts an end to all further liti-

gation on account of the same matter, and becomes the law of the case, which cannot be altered, and is not only binding upon the parties, but upon the courts and juries. Phillipps and Greenl., *supra.*

It is also said that when the parties are not bound to plead specially, the record of a former recovery is equally conclusive as evidence binding the parties, court, and jury.

An estoppel is a preclusion in law which prevents a man from alleging or denying a fact in consequence of his own previous act, allegation, or denial of a contrary tenor; it is when a man is concluded by his own act or acceptance to say the truth. Bouv. Law Dict., tit. Estoppel.

A judgment operates as an estoppel, it is true, but not on account of the act of the party. It is because it is a judgment, a settlement of the matters in controversy by a court of competent jurisdiction; and we think the weight of authority and reason is in favor of holding that where a judgment is given in evidence, it is equally conclusive in its effect as if it were specially pleaded by way of an estoppel.

Our conclusion is that the judgment was properly introduced in evidence; that the evidence offered by the appellee to show that the deed had been altered and title in the appellee was improperly admitted; that the judgment of the common pleas court of Decatur county was conclusive against the appellee on the question of the title to the land, as between him and the purchaser and his vendee under the order of that court.

The judgment of the said Ripley Circuit Court is reversed, with costs; cause remanded, with instructions to said court to grant a new trial, and for further proceedings in accordance with this opinion.

*H. W. Harrington, J. D. Miller, J. Gavin,* and *M. K. Rosebrugh,* for appellants.

*W. D. Ward* and *J. O. Cravens,* for appellee.