## WITZ *v.* HAYNES.

JURISDICTION.—*Forcible Entry and Detainer.*—The statute confers jurisdiction, in cases of forcible entry and detainer, upon justices of the peace and also upon courts of common pleas.

SAME.—*Court of Common Pleas.*—In the court of common pleas, where it did not appear upon the face of the complaint, or by a subsequent pleading verified as the statute required, that the title to real estate was in issue, the jurisdiction of the court was not ousted.

From the White Common Pleas.

*A. W. Reynolds, J. H. Matlock, J. B. Davis,* and *S. A. Huff,* for appellant.

WORDEN, J.—Complaint by Haynes against Witz for forcible, detainer. It is alleged in the complaint, in substance, that the plaintiff is the owner by leasehold of certain described lots in the town of Monticello, in said county, and entitled to the possession thereof; that " on or about the 15th day of November, 1870, the defendant entered upon and took possession of said real estate, and with menaces, threats, force, and arms, unlawfully detained the possession thereof, and still unlawfully and forcibly detains the possession of said real estate from the plaintiff; wherefore," etc.

Answer of general denial, trial by jury, verdict and judgment for the plaintiff, over a motion in arrest made by the defendant.

The only question, made here relates to the jurisdiction of the court below. The counsel for the appellant claim that as the title to real estate was put in issue by the answer of general denial, the court of common pleas had no jurisdiction of the cause.

The statute confers jurisdiction in such cases upon justices of the peace. 2 G. & H. 632, sec. 12. Also upon the court of common pleas. *Id.* 630, note: " Where the question of title to real estate is incidentally put in issue in a case in which jurisdiction is expressly conferred on the court of common pleas, its jurisdiction is not thereby ousted." *Bourgette* v. *Hubinger*, 30 Ind. 296.

But, assuming that this view may not be conclusive of the matter, we proceed to inquire whether the question was raised below in such a manner as to oust the court of jurisdiction.

The evidence is not in the record, and if title to real estate is put in issue at all, it is by the answer to the complaint. But, as we have seen, the statute confers jurisdiction upon the court of common pleas in this class of actions, and it would be quite illogical to say that a denial of the cause of action takes away the jurisdiction of the court to hear and determine the very matter which the statute authorizes it to try. But, conceding that the answer might put in issue the

title to real estate, it was not verified by affidavit, as was required, in order to oust the jurisdiction of the court below. The amended 11th section of the common pleas act, 2 G. & H. 22, provides, that "when it appears upon the face of the complaint or by other legitimate pleadings verified by affidavit, that the title to real estate is in issue in the common pleas court of any county, the cause, with the papers, and a transcript of the entries of record shall be transferred to the circuit court of the same county, and there stand for trial," etc.

Here it did not appear on the face of the complaint that the title to real estate was in issue, nor was there any subsequent pleading, verified as the statute requires, filed in the cause. The jurisdiction of the court below was not ousted. *Bourgette* v. *Hubinger, supra.*

The judgment below is affirmed, with costs.