WiuuAMS, J.
The general question presented by the record, is whether the probate court had jurisdiction to try and determine the issues joined between the plaintiffs in error and the administrator of Pomeroy’s estate. The particular objections here urged to the jurisdiction of that court, by the plaintiffs in error, are (1), that they could not properly be made parties to the action of the administrator to- *593 sell the lands of his decedent, it appearing that they claimed title to the land adversely to him; (2), that no power was conferred on that court to try the question of title raised by the pleadings; and (3), that upon the issues, they had the constitutional right of a trial by jury, which the probate court was without the legal capacity to accord them.
1. Was there any authority for making the plaintiffs in error parties to the action of the administrator, in the probate court? In support of the contention that there was not, it is urged, that the statute, (section 6142 of the Revised Statutes) which provides who shall be made parties to such actions, namely: “the widow of the deceased, and the heirs, devisees, or persons having the next estate of inheritance from the deceased, and all mortgagees and other lien-holders, whether by judgment or otherwise, of any of the lands sought to be sold, and all trustees holding the legal title thereto or to any part thereof,” was intended to confine the proceeding of the administrator, to an action against the persons designated, and exclude the right to make any others, parties defendant.
It is undoubtedly true that whatever powers administrators possess with respect to the sale of the decedent’s real property, are derived from statutory enactment; and the mode of procedure for their execution, is also regulated by statute. The object in requiring the persons specified in the section mentioned, to be made parties, no doubt was to have their rights adjudicated in the action, so that the property might be sold divested of their interest in, or lien upon it, and the administrator enabled to convey a good title to the purchaser. Such persons are nécessary parties, without whom the action could not properly proceed to judgment; but the section does not preclude the making of other persons parties, if other statutory provisions permit it to be done. Section 6137, of the Revised Statutes, makes it necessary, in order to obtain authority to sell the real estate of the deceased, that “the executor or administrator shall commence a civil action in the probate court or the court of common pleas,” of the proper *594 county: and section 6143, provides that “Service, either actual or constructive, shall be made in the same manner as in other civil actions; * * * and all proceedings in the action in either court shall be the same as in other civil actions, except as otherwise herein provided.” So that, under present legislation, the proceeding of an executor or administrator to sell the lands of the deceased, to pay the debts and costs of administering his estate, whether prosecuted in the court of common pleas, or the probate court, is the civil action of the code, with all its incidents, one of which is, that “Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein.” Revised Statutes, section 5006. This legislation was in force when the action below was commenced, and authorized the administrator to make the plaintiffs in error parties thereto; and the jurisdiction of the probate court over them, and the subject of the action, was as ample as could have been exercised by the court of common pleas, had the action been brought originally in that court. The policy of our legislation has long been opposed to the necessity of a resort to different jurisdictions and multiplicity of actions, in order to obtain the full and final relief to which parties may be entitled, and in favor of clothing tribunals once acquiring control of the subject-matter of a controversy, and of the parties, with jurisdiction, if capable of exercising it, to determine the ultimate rights of the parties, and administer to them their complete remedy. The policy is a commendable one, with which the statute making actions like that under consideration, civil actions, and giving the probate court co-ordinate jurisdiction with the court of common pleas, is in harmony.
2. Another objection urged tp the jurisdiction of the probate court, is that the statute has conferred ho authority upon it to try questions like those made by the pleadings of the parties in the action below. Jurisdiction is conferred, by the constitution, on the probate courts in probate and testamentary matters, and “for the sale of land by execu *595 tors, administrators and guardians;” and they are made capable of receiving such other jurisdiction as may be provided by law. Constitution, section 8, article 4. The mode of exercising their jurisdiction is regulated by statute, whose provisions, it is conceded,' they are required to observe. The powers of the court include those expressly granted, and such as are necessary to carry them into effect. In Saylor v. Simpson, 45 Ohio St. 141, it was held, that a statute, which provides thaj: the probate court shall “order the payment of all incumbrances and' liens upon any of the property sold, ” by an assignee in insolvency, “ according to their priority, ” clothed the court with authority to decide upon the validity of the liens, and the order of priority in which they should be paid. The statute involved in the case of McLaughlin v. McLaughlin, 4 Ohio St. 508, (the Act of March 14, 1853) gave the probate court jurisdiction “to enforce the payment of the debts, and legacies of deceased persons, and the distribution of the estates of intestates.” Section 28 of the act provided that “all questions, except those arising in criminal actions and proceedings, unless otherwise provided by law, shall be determined by the probate judge, unless in his discretion he shall order the same to be tried by a jury, or referred as provided” in the code of civil procedure. This statute, it was held, authorized the probate court to determine every disputed question of fact which might be necessary in the ascertainment of the amount justly due from the administrator to the dis-tributees.
The statutes applicable to the question before us, provide that when an executor or administrator shall ascertain that the personal estate is insufficient to pay the debts of the deceased, and the allowance to tbe widow and children, and charges of administering the estate, he shall apply to the probate court or court of common pleas, for authority to sell the real estate of the deceased. The application is required to be by- petition, which must set forth the amount of the debts, and charges of administration as nearly as they can be ascertained, the value of the personal effects, and a description of the real estate. “If the court is satisfied that it is necessary to sell real estate of the deceased to *596 pay bis debts, it shall order the real estate, or so much thereof as may be necessary for the payment of the debts, to be sold by the executor or administrator, upon deferred payments, not exceeding two years, with interest.” Section 6147, Revised Statutes. The court is given full power to determine the equities between the parties, and the priorities of liens of the several lien-holders, and to order the distribution of the money arising from the sale according to the equities and priorities as found by the court. Section 6145, Revised Statutes. And section 6400, of the Revised Statutes, is the same, in all respects, as section 28, of the act of March 14, 1853, which was before the court in the case of McLaughlin v. McLaughlin, supra. Our statutes are broad enough, we think, to authorize the probate court to determine all questions of fact and law arising in actions brought before it, by executors and administrators to sell real estate for the payment of the debts of the estate they represent. The power to order the real estate of the deceased to be sold, by necessar3>- implication includes the power to decide whether the land, the sale of which is sought in the action, was the property of the deceased. As was said by the Supreme Court of Indiana, in a case governed by statutory provisions not unlike our own, “the power to make the order, carries with it the power to determine the title.” Gavin v. Graydon, 41 Ind. 562. There was, therefore, no defect in the jurisdiction of the probate court, in the case we are considering, unless the constitution entitled the parties to a mode of .trial which that court was incapable of affording them.
3. The claim of the plaintiffs in error on that subject is, that the action of Pomeroy’s administrator against them, was one to recover the title to real property, to accomplish which, prior to the code of civil procedure, the action of ejectment was the appropriate remedy, in which, the right of trial by jury was secured at the time of the adoption of the present constitution, and consequently, is preserved in actions of that nature, by section 5, of article 1, of that instrument, which declares that “The right of trial by jury shall be inviolate.”
Conceding this to be so, in order to make the objection *597 complete, so as to defeat the jurisdiction of the probate court, it must appear that the parties could not have such a trial in the action prosecuted before it. The record does not disclose that any demand was made for a jury trial, but, if there were no means by which it could have been obtained, the failure to make the demand, would not affect the question. We are satisfied, however, that ample power is vested in the courts of probate to award the parties a trial by jury in such cases, when the nature of the issues demands it. This power may be found in section 6143 of the Revised Statutes, already referred to, by which it is required, that the “proceedings in the action shall be the same as in other civil actions, except as otherwise herein provided. ” Proper proceedings in a civil action comprehend a trial by jury, whenever the issues are of such a nature as to entitle the parties to it; and nothing is found in section 6143, or in the context, which otherwise provides. Sections 537, 539, 6400, and 6411, of the Revised Statutes, together, confer a like power on the probate court. Railroad Company v. O'Harra, 48 Ohio St., 343.
It is further contended, that whatever right Pomeroy had in the land in question, descended upon his death, to his heirs; and, that his administrator acquired no right to the land, nor had any interest in the action' to recover it; the heirs being, it is said, the real parties in interest, and alone entitled to maintain the action. While, upon the death of the ancestor, his real property passes to the heir at law, or to the devisee in accordance with the provisions of the will, it does so, charged with the payment of his debts, if it becomes necessary to resort to it for that purpose. The debts are a lien upon the land, and the heir takes cum onere. Faran Adm’r v. Robinson, 17 Ohio St., 242. The executor or administrator, who represents the creditors, is charged with the duty, as we have seen, when the personal assets prove inadequate for the payment of the debts, of enforcing the sale of the realty, so far as it is necessary to their payment. When there are no debts or obligations to be paid, he cannot maintain an action merely to recover lands for the benefit of the widow and heirs. Such a proceeding, it *598 was said, in. Wood Adm’r v. Butler et al. 23 Ohio St., 520, would be an abuse of the statute. The case before - us is-not of that character. There were bona fide debts, and no personal effects with which to pay them; and the administrator, it appears, prosecuted his action in good faith, in the due execution of his trust. In such a case, it is desirable that all parties claiming an interest in, or lien on the land, be brought before the court, and all questions affecting the title adjudicated and settled, in order that purchasers may buy with safety, and the property bring its fair value. Otherwise, the sale must result in a sacrifice of' the land on account of the uncertainty of the title, or a loss to confiding purchasers, if it prove defective, and it may be both. We find no ground for reversing the judgment of the circuit court, and it is accordingly

Affirmed.