Reid *v.* Mitchell.

Filed Feb. 22, 1884.

———◆———

No. 10,311.

REID *v.* MITCHELL.

JUDGMENT.—*Facts Dehors the Record.—Collateral Attack.*—Where it is sought by the complaint, in an original action, to impeach or vacate the record of a judgment in a former action between the same parties by the allegation of facts not apparent on its face, but wholly *dehors* the record, such complaint makes a collateral attack upon the validity of the judgment, and is bad on demurrer thereto for the want of sufficient facts. ELLIOTT and NIBLACK, J.J., dissenting.

SAME.—*Pleading.—Effect of Demurrer.—Truth of Facts.—Admission.*—In such case where the complaint avers facts which are or must be presumed to be *dehors* the record, they are not well pleaded; and the demurrer to the complaint is an admission of the truth of such facts only as are well pleaded therein.

From the Lawrence Circuit Court.

*W. H. Martin, S. D. Luckett, J. R. East* and *W. H. East,* for appellant.

*M. F. Dunn* and *G. G. Dunn,* for appellee.

HOWK, C. J.—In this case the complaint of the appellant, the plaintiff below, contained two paragraphs, to each of which paragraphs the appellee's demurrers, for the want of sufficient facts to constitute a cause of action, were sustained by the court. The appellant excepted to each of these rul-

ings, and declining to amend or plead further judgment was rendered against him for appellee's costs.

Errors are assigned by the appellant in this court, which call in question the decisions of the circuit court in sustaining the appellee's demurrers to each of the paragraphs of complaint. Did the court err in either of these decisions? This is the question, and the only question presented for our decision by the record of this cause and the errors assigned thereon.

In the first paragraph of his complaint the appellant alleged that, at the December term, 1879, of the court below, a cause of action was pending therein wherein he was plaintiff and the appellee was defendant; that at said term the Honorable Francis Wilson was the regular judge of the court, but having been of counsel for appellee in such suit, he declined to preside at the trial thereof, and appointed the Honorable John L. Robinson, judge of the Fifteenth Judicial Circuit of this State, to try said cause; that, on the 17th judicial day of said December term, 1879, of said court, Judge Robinson appeared therein in pursuance of his appointment, and proceeded to the trial of said cause; that a jury was empanelled under the direction of Judge Robinson, and the hearing of evidence begun in said cause; that during such trial, and before the hearing of evidence was concluded, Judge Robinson left the court room and departed for his home in Spencer, Owen county, Indiana, and ordered and verbally appointed A. C. Voris, Esq., an attorney of such court, to take charge of the trial of said cause as the judge thereof; that at and prior to the time of such appointment of said Voris by Judge Robinson, the said Voris was of counsel for and as such had been consulted by the appellee, the defendant in said cause; that the appellant at the time protested against the appointment of said Voris, and against the said Voris acting as judge in the trial of said cause; that said Voris was not appointed judge in the trial of said cause by any order of the court, nor by agreement of the parties

Reid *v.* Mitchell.

to said cause, nor in any manner in writing; and that the said Voris did not, after his verbal appointment as such judge, take any oath of office in the premises.

The appellant further alleged, that the said Voris, after his verbal appointment as such judge, took charge of said cause and proceeded to hear the evidence and received the verdict of the jury therein against the appellant, all of which was done over the protest of the appellant and his attorneys trying the cause; that, on receiving the verdict in said cause, the said Voris, as such pretended judge, then and there adjourned the court to the 26th day of January, 1880, and ordered the further trial of said cause to be set down on that day, in a pretended adjourned term of the court; that afterwards, on the day last named, Judge Robinson re-appeared in said cause, as the pretended judge thereof, without any further appointment than the one originally given him at the December term, 1879, of the court, and the said Voris, under his pretended appointment as judge of said court, rendered judgment against the appellant for costs, and in appellee's favor, upon the verdict; that, by reason of the facts therein alleged, the appellant was prevented from having a fair trial of his said cause; and that the pretended appointment of the said Voris, and all the subsequent proceedings in said cause, were illegal and void. Wherefore the appellant prayed that the verdict of the jury and the judgment thereon, in said cause, might be vacated, declared void and held for naught, and that the original cause be re-docketed for trial, and for all other proper relief.

The second paragraph of the complaint contains substantially the same allegations of fact as the first paragraph, *except* that it is nowhere averred in the second paragraph that Judge Robinson's appointee, A. C. Voris, Esq., was of counsel for, or had been consulted by, the appellee, the defendant in the original cause, or that the appellant protested or objected to the appointment of Voris to preside as judge on the trial of said cause, or that Voris was not appointed in

writing, and did not take the oath of office, as judge of the court in said cause.

We are of opinion that the court committed no error in sustaining the appellee's demurrers to each and both of the paragraphs of appellant's complaint. It will be observed that it is nowhere alleged in either paragraph of the complaint, that any of the alleged facts, upon or by reason of which the appellant seeks, in this action, the vacation of the judgment in the original cause, are shown in any manner by the record of such judgment. In the absence of any such allegation, this court must presume and assume in favor of the proceedings of the circuit court, that none of the alleged facts are shown by, or are apparent upon the face of, the record of the original cause. In other words, in the absence of any averment impeaching or attacking the record of the original cause, for matters apparent upon its face, we must assume that the record of the proceedings and judgment, sought to be vacated, is regular and formal in every particular, and that none of the facts alleged by the appellant against the record, are shown upon its face. Where it is sought to impeach or vacate the record of a judgment by the allegation of facts not apparent on its face but wholly *dehors* the record, such an attack upon the record of a judgment is a collateral attack. We need hardly add, nor cite authorities in support of such addition, that the record of a judgment can not be collaterally attacked where it appears, as it does in this case, that all the parties were before the court when the judgment was rendered. *Pressler* v. *Turner*, 57 Ind. 56; *Reed* v. *Whitton*, 78 Ind. 579; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471; *Smith* v. *Hess*, 91 Ind. 424.

There is no hardship in this rule. Where irregular or illegal proceedings occur during the trial of a cause, a party affected thereby must do something more than to enter his protest against such proceedings. In the trial of a civil action, a protest against any of the proceedings is unknown to the law, and is unavailing. It is easy enough, where the pro-

ceedings on the trial are irregular or illegal, for the party aggrieved to object and except thereto, and, by bill of exceptions, make such proceedings a part of the record. Where this is not done, as we must assume it was not, in the absence of any averment showing the contrary, and where the record of the cause is legal and regular in every particular, as we must assume it is, because it is not alleged to be otherwise, such record can not be collaterally attacked or impeached by the averment of matters of fact, outside of and not apparent in the record, showing, or tending to show, that any of the proceedings of the court, on the trial of the original cause, were unauthorized by law, and were, therefore, illegal and void. A judgment, regular and legal upon its face, is absolutely conclusive between the parties thereto, upon all the matters in issue, until reversed or set aside on a direct appeal to a higher court in due form of law. This must be so, in the nature of things, or litigation would never end. It is a singular feature of the case in hand, that the appellant has not alleged in either paragraph of his complaint that the verdict of the jury in the original cause was not fully sustained by the evidence, or that the judgment on the verdict was not rendered in strict accordance with the law and equity of the case, or that he was injured or prejudiced, in any manner or to any extent, by any of the proceedings of which he complains; nor, indeed, is it averred in either paragraph of the complaint that the appellant had or has a just and meritorious cause of action against the appellee.

Aside from these matters, however, it is very clear, as it seems to us, that in each paragraph of his complaint the appellant makes a collateral attack upon the judgment in the original cause, by alleging facts not shown by the record. If the record fails to show, as we must assume that it does, in the absence of an averment to the contrary, that Judge Robinson was absent at any time, or that A. C. Voris, Esq., presided as judge at any time during the trial of the cause, the appellant can not procure the vacation of the judgment by al-

leging, as facts, the absence of Judge Robinson or the action of Voris during the trial, in contradiction of the record; if, in other words, the record of the original cause shows, as we must assume that it does, in the absence of any contrary averment, that Judge Robinson alone presided at, during and throughout the entire time of the trial, and at the rendition of the judgment, then the appellant can not collaterally attack, impeach or contradict the record by alleging, as facts, that Judge Robinson was absent from the court and county, and that, while so absent, Mr. Voris presided as judge during a part of the trial of the original cause. That is precisely what the appellant has sought and is seeking to do in each paragraph of his complaint in this cause. For the reasons given, we are of opinion that the facts stated by the appellant, in each paragraph of his complaint, are clearly insufficient to constitute a cause of action, and that the demurrers thereto were correctly sustained.

It is true, as a rule, that a demurrer to a complaint admits the truth of all facts well pleaded therein, for the purpose of the demurrer. But where, as in this case, the sole object of the suit is to attack collaterally the validity of the judgment of a court of superior jurisdiction, conclusively presumed to be regular and legal upon its face, it can not be said, with any degree of legal accuracy, that any facts are well pleaded, and, therefore, admitted to be true, which are or must be presumed to be *dehors* the record.

The judgment is affirmed, with costs.

Filed Feb. 14, 1884.

### DISSENTING OPINION.

ELLIOTT, J.—I understand the demurrer confesses the truth of these material allegations; that the judge of the Lawrence Circuit Court appointed the Honorable John C. Robinson, judge *pro tempore*, with authority to try a special case; that Judge Robinson entered upon the trial, but before the close of the evidence retired from the bench and

called to it A. C. Voris, Esq., who presided as judge until its close; that Mr. Voris received the verdict on the 3d day of January, 1881, and then continued the cause until January 26th, a time beyond the term, when Judge Robinson resumed his seat upon the bench and pronounced judgment on the verdict.

I think the proceedings were *coram non judice* and void.

Judicial authority can not be delegated. It is true that the statute authorizes the appointment of special judges, but this is not strictly a delegation of judicial power. The right, however, to appoint a judge *pro tempore* is vested in the judge of the court, and the person whom he appoints can not delegate his authority. The attempt of Judge Robinson to delegate judicial powers to Mr. Voris was utterly futile.

The failure of a judge *pro tempore* to appear, or to conduct the trial to a final termination, returns the cause to the regular judge. *Singleton* v. *Pidgeon*, 21 Ind. 118 ; *Glenn* v. *State, ex rel.*, 46 Ind. 368 ; *Greenup* v. *Crooks*, 50 Ind. 410. The instant, therefore, that Judge Robinson abandoned the case the judge by whom he was appointed was re-invested with full jurisdiction and authority, and Judge Robinson stripped of every vestige of authority. His attempt to make Mr. Voris judge *pro tempore* was fruitless, and when the latter seated himself upon the bench there was no court because no judge. There was no color of authority in Mr. Voris.

The investigation leads us back of the record, for the inquiry is not, was there a record, but was there a court capable of making a record? I suppose that if it appear that there is no judge the question of what the record shows or does not show is not of controlling importance. A record, in the true sense, can not be conceived as existing without a court competent to make one.

I can not assent to the prevailing opinion.

NIBLACK, J., concurs in the opinion of ELLIOTT, J.

Filed Feb. 14, 1884.