Dowell v. Lahr et al.

Petition overruled.

Filed Oct. 11, 1884.

No. 9057.

DOWELL v. LAHR ET AL.

NOTICE TO NON-RESIDENT DEFENDANT.—*Affidavit for Publication.—Statute Construed.*—Under the provisions of section 318, R. S. 1881, in an action against a non-resident defendant, to whom notice of the pendency of such action, and of the term at which the same will stand for trial, is to be given by publication in a newspaper, the affidavit for publication should show not merely the non-residence of the defendant, but also that, in the case wherein it is filed, a cause of action exists against such defendant, or that he is a necessary party to such action in relation to real estate.

SAME.—*Finding and Decree.—Party to Decree.—Appeal.—Collateral Attack.*—Where the affidavit for notice by publication is defective and insufficient, but the court has thereon found and decided that the non-resident defendant was duly notified by publication of the notice of the pendency of the suit, and of the term at which the same would stand for trial, such decision and decree, although erroneous, are absolutely impervious to a collateral attack by a party to the decree, whose only remedy is an appeal to the Supreme Court, within the time and in the manner prescribed by law.

From the Whitley Circuit Court.

*J. S. Frazer, W. D. Frazer, T. R. Marshall, W. F. McNagny* and *C. W. Jones,* for appellant.

*J. S. Collins, J. W. Adair* and *R. S. Taylor,* for appellees.

HOWK, J.—On the 29th day of May, 1878, the appellant, Isaac Dowell, as sole plaintiff, commenced this suit against the appellees, John Lahr, Christian Kourt and Nicholas Mosher, as defendants. In his complaint, the appellant, Dowell, alleged, in substance, that the appellee Mosher, on the

6th day of March, 1861, executed a mortgage conveying to the appellant two tracts of land, particularly described, in Whitley county, Indiana, to secure the payment of three promissory notes, dated March 5th, 1861, each calling for the sum of $255.33, each and all executed by the appellee Mosher, and payable to the appellant on the first days of June, in the years 1862, 1863 and 1864, respectively. Copies of such notes and of such mortgage were filed with and made parts of the complaint. It was alleged that the notes were long since due and remained wholly unpaid; that the mortgage was duly and legally recorded in the recorder's office of Whitley county; that the notes described in the mortgage had been lost or mislaid, and the appellant could not find them although he had repeatedly made due and diligent search therefor; that the appellees Kourt and Lahr were claiming to have and hold some title to or interest in the mortgaged real estate, but that if they had any such title thereto, or interest therein, the same was subject and subsequent to the appellant's mortgage thereon. Judgment was demanded for $2,000, for the foreclosure of the mortgage, the sale of the mortgaged premises, etc.

The appellee Mosher, who executed the notes and mortgage in suit, was notified by publication of the pendency of the action, and made default.

The other appellees, Kourt and Lahr, appeared by counsel, and answers, cross complaints, replies and demurrers were filed from time to time, until finally, on the 28th day of April, 1880, they recovered judgment against the appellant, Dowell, for their costs.

The case is before us on the pleadings. The appellees Kourt and Lahr severed in their defence. Each of them claimed to be the owner of a separate parcel of the mortgaged real estate, but both derived their respective titles in the same manner and from the same common source. Each of them filed a cross complaint, alleging therein substantially the same facts, and each demanded, *inter alia*, that his

Dowell *v.* Lahr *et al.*

title to his part of the mortgaged real estate might be settled and quieted in him as against the mortgage now in suit, and that the appellant, Dowell, might be enjoined from prosecuting any suit for the foreclosure of such mortgage. The facts relied upon by the appellees Kourt and Lahr, in their respective cross complaints for the relief therein demanded, were substantially as follows:

· The mortgage sued upon was executed by the appellee Mosher " to secure the payment, when they shall become due, of four promissory notes, dated March 5th, 1860, given by said Nicholas Mosher to said Isaac Dowell, to wit, one note calling for five hundred dollars, with use, due June 1st, 1861," and the other three notes described in such mortgage are the three notes sued upon by the appellant, Dowell, in this action. Before the note for $500 became due, the payee and mortgagee, Isaac Dowell, the plaintiff in this suit, sold and assigned the same by his written endorsement to one Adam Y. Hooper, who, in like manner, sold and assigned the same to one Andrew Shorb. Afterwards, on the 19th day of April, 1862, the said note for $500 being then due and wholly unpaid, the said Andrew Shorb, as the assignee and holder thereof, commenced suit thereon and on the mortgage now in suit, in the court of common pleas of Whitley county, against the maker of such note and mortgagor, Nicholas Mosher, and the payee and mortgagee, Isaac Dowell, the plaintiff in this action, and prayed judgment for the amount due on such note and for the foreclosure of such mortgage. A summons issued for the defendants in such suit was served on the appellant, Dowell, by reading, on the 3d day of May, 1862, by the then sheriff of Whitley county, and the defendant Nicholas Mosher was duly notified by publication of the pendency of the suit. Afterwards, at the June term, 1862, of said court of common pleas of Whitley county, the appellant, Dowell, appeared in such suit and was ruled to answer the complaint of Andrew Shorb, and on the fourth day of such term, to wit, on June 19th, 1862, having failed to answer in discharge of

such rule, was then and there defaulted by such court for want
of an answer; and the defendant Nicholas Mosher, failing to
appear, was three times solemnly called but came not, and it
having been found and adjudged by said court, in express
terms, that said Mosher had been duly notified of the pen-
dency of said cause, by publication, he, the said Mosher, was
then and there defaulted by said court. Such suit was then
and there submitted to said court of common pleas, and, after
hearing the plaintiff's proofs therein, the court then and there
found that there was due the plaintiff Andrew Shorb, on the
note and mortgage then in suit, the sum of $568.50, without
any relief from valuation laws; and it was then and there
adjudged and decreed by such court that the plaintiff Shorb
have and recover from the defendant Mosher the said sum of
$568.50, that the mortgage be foreclosed and the mortgaged
real estate be sold as other lands are sold on execution, with-
out relief, etc., and that, upon such sale, the equity of redemp-
tion of the defendants Mosher and Dowell, in and to the mort-
gaged premises, should be forever barred and foreclosed.

On the 12th day of August, 1862, an order of sale was duly
issued on such judgment, by virtue of which the sheriff of
Whitley county duly advertised, offered, sold and conveyed,
by deed dated November 17th, 1862, the said mortgaged real
estate to the said Andrew Shorb in fee simple. This deed was
duly recorded on the 22d day of November, 1862, in the re-
corder's office of Whitley county. Each of the appellees
Lahr and Kourt claims title to his specific part of the mort-
gaged real estate, under the said sheriff's sale and deed to
Andrew Shorb, by and through his conveyance thereof, on the
14th day of April, to the appellee Christian Kourt, for the
sum of $1,425, who took immediate possession thereof and
held the same until the 4th day of February, 1870, on which
latter day the said Kourt and his wife sold and conveyed
sixty-five acres of such real estate, being all of it except
about ten acres, to one Margaret Fullmer, and by certain con-
veyances afterwards made, the title to the sixty-five acres so

conveyed to said Margaret Fullmer had become and was legally vested in the appellee John Lahr, who became and has since remained the husband of said Margaret Fullmer.

We need not state, more fully than we have, the facts relied upon by the appellees Lahr and Kourt in their respective cross complaints. If the judgment which the said Andrew Shorb, by the consideration of the court of common pleas of Whitley county, at its June term, 1862, recovered against the said Nicholas Mosher and Isaac Dowell, for the amount due on the first mortgage note of $500, and for the foreclosure of the mortgage then and now in suit, and for the sale of the mortgaged real estate, was a legal and valid judgment, or, even if erroneous, was not absolutely void; in either event, we think that the appellees would hold such real estate freed and discharged from the lien of such mortgage, and that, as against them, it could not be foreclosed. It was alleged by the appellant, however, in his answers to the cross complaints of Lahr and Kourt respectively, that Shorb's judgment for the foreclosure of the mortgage, then and now in suit, and all the proceedings had thereunder, as stated in such cross complaints, were absolutely null and void, because, as he averred, the court of common pleas of Whitley county had no jurisdiction to make or render such judgment and decree. The only grounds upon which the want of jurisdiction by the court of common pleas was predicated, as stated in the appellant's answers, were that Nicholas Mosher, the mortgagor and one of the defendants in the Shorb suit, during its pendency, was a non-resident of this State, and had no knowledge of such suit; that no summons therein was in any manner served on the said Mosher; and that the affidavit, upon which notice of the pendency of such suit was given the said Mosher by publication, was defective, and not such as was required by the statute then in force in such a case. The affidavit referred to was set out at length in the appellant's answers, and it simply stated that Nicholas Mosher, one of the

defendants in the Shorb suit, was not a resident of the State of Indiana.

Under the provisions of section 38 of the civil code of 1852 (2 R. S. 1876, p. 49), the affidavit for the publication of notice of the pendency of the Shorb suit, as to the defendant Nicholas Mosher, was clearly insufficient. This point was settled, and, we think, correctly so, in *Fontaine* v. *Houston*, 58 Ind. 316. After quoting at length section 38, *supra*, the court there said : " The plaintiff in this suit, Matilda Fontaine, was a necessary party to that suit, and she was a non-resident. Both of these latter facts should have been shown in the affidavit, to obtain an order of publication. Both were equally material, and the omission of either rendered the affidavit fatally defective. This is not a point to be argued. It is not the privilege of the court, in this class of cases, to dispense with any provision of the statute relative to the acquiring of jurisdiction ; but, on the other hand, it is its duty to see that the provisions of the statute are strictly complied with. The facts required to be shown in the affidavit are jurisdictional facts, in cases where the court is expected to proceed to adjudicate upon the rights of parties who have no actual notice of the proceedings ; and the courts acquire such right from the statute alone. Thus saith the statute, is the only reason necessary to be given in answer to the question, why it is necessary that the affidavit should contain the omitted statement."

But the court of common pleas of Whitley county had jurisdiction of the subject-matter of the Shorb suit; it had jurisdiction, also, of the person of the appellant, Isaac Dowell, who was a defendant in that suit, by the personal service on him of the summons issued therein ; and it was the province and duty of that court to determine whether or not the defendant Nicholas Mosher had been legally notified by publication of notice of the pendency of the Shorb suit, and of the term at which the same would stand for trial, as required

by the statute.   Upon this point, the record of the Shorb
suit, as pleaded by Lahr and Kourt, reads as follows:  " Comes
now the plaintiff and shows to the satisfaction of the court,
by the proof of publication in this behalf, that said defendant,
Nicholas Mosher, has been duly and legally notified of the
pendency of this proceeding against him, for more than thirty
days prior to the first day of the present term of this court."
It will be seen from this record, that the court of common
pleas, upon the proof made, judicially found and determined
that the defendant Mosher had been duly and legally notified
of the pendency of the Shorb suit.   The court erred, we
think, in its finding and decision, because, as we have seen,
the publication of notice was made upon an insufficient affi-
davit.   The error was such, no doubt, as on appeal would
have required the reversal of the judgment.

Here, however, the validity of the Shorb judgment and
decree is collaterally attacked, not by a stranger but by a
party to the record.   Isaac Dowell, the plaintiff and the ap-
pellant in the case in hand, was a party defendant in the
Shorb suit, and was personally served with process therein
and personally appeared to the action.   He had his day in
court, in such suit, but he neither objected nor excepted to
the affidavit for publication, or the proof of publication, or
to the judgment and decree therein.   He took no appeal from
such judgment and decree, and filed no complaint for the re-
view thereof in the court where the same was rendered.
Nearly sixteen years after the rendition of Shorb's judgment
and decree, and nearly fourteen years after the maturity of
the last of his three notes, he commenced this action for the
foreclosure of the same mortgage previously foreclosed against
him in the Shorb suit.   In the meantime, the mortgaged real
estate, sold and conveyed as it had been under the judgment
and decree in the Shorb suit, changed hands by subsequent
conveyances, some of it several times, the purchasers and
grantees believing, no doubt, as they well might, that their

title to such real estate was free from any claim of Isaac Dowell thereon, under the mortgage in suit.

On the hearing of the Shorb suit, the court of common pleas of Whitley, county was met, *in limine,* with the question whether or not the defendant Nicholas Mosher had been duly and legally notified of the pendency of such suit. The court could not escape the decision of that question; for, as there was no appearance on the part of the defendant Mosher, the court could not proceed with the hearing of the cause, until it had first ascertained and decided that he had been legally notified of the pendency of the suit. The court did. so find and decide, as we have already seen; and such finding and decision, although erroneous, can not be collaterally impeached or attacked by the appellant, Isaac Dowell. As a party to the Shorb suit, he is bound and concluded by the finding and decision of the court of common pleas, upon the question of notice to his co-defendant, Mosher. *Fowler* v. *Whiteman,* 2 Ohio St. 270; *Hahn* v. *Kelly,* 34 Cal. 391; *Reily* v. *Lancaster,* 39 Cal. 354; *McCauley* v. *Fulton,* 44 Cal. 355.

When once it is determined by a court of superior jurisdiction that the defendants in an action, of which such court has judicial cognizance, have been duly and legally notified of the pendency of the action, either by service of process or the publication of notice, however erroneous such decision may be, it is absolutely impervious to collateral attack. This doctrine has been declared and acted upon in many of the decisions of this court. Thus, in *Dequindre* v. *Williams,* 31 Ind. 444, it was well said by FRAZER, C. J., speaking for the court: " Now, it is not to be denied that a court of superior jurisdiction may so make a record in a case where, in fact, it has no jurisdiction, that the validity of its judgment can not be questioned collaterally. But in cases of collateral attack the legal presumption is that this will never be done." And we may add that this legal presumption can not be overborne or overcome, in case of collateral attack, by any evidence of-

fered by a party to the record, that the court, in fact, had no jurisdiction. The remedy of such a party, and the only remedy, where the decision is erroneous, is an appeal to this court, or, in a civil action, a complaint for review in the court where the decision was made or rendered, within the time prescribed by the statute. Among the many cases in the Indiana reports which support our conclusions in the case at bar, we cite the following: *Snelson* v. *State, ex rel.*, 16 Ind. 29; *Spaulding* v. *Baldwin*, 31 Ind. 376; *Dequindre* v. *Williams, supra; Gavin* v. *Graydon*, 41 Ind. 559; *Pressler* v. *Turner*, 57 Ind. 56; *Helphenstine* v. *Vincennes Nat'l Bank*, 65 Ind. 582 (32 Am. R. 86); *Faris* v. *Reynolds*, 70 Ind. 359; *Board, etc.*, v. *Hall*, 70 Ind. 469; *Hume* v. *Conduitt*, 76 Ind. 598; *McAlpine* v. *Sweetser*, 76 Ind. 78; *Stout* v. *Woods*, 79 Ind. 108; *Krug* v. *Davis*, 85 Ind. 309; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471.

Our conclusion is that the judgment and decree of the court of common pleas of Whitley county, in the Shorb suit, although erroneous, was not absolutely void, and could not, therefore, be successfully attacked or impeached collaterally by the appellant, Isaac Dowell, who was a party to such judgment and decree; and that, as against the appellees Lahr and Kourt, who have regularly derived title to the mortgaged real estate under such judgment and decree, the appellant, Dowell, is not entitled now to the foreclosure of the mortgage, foreclosed against him in Shorb's action and now in suit. This is the only question for decision in the case in hand, although it is presented in several different forms.

We find no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Sept. 17, 1884.