.No. 12,247.

THE INDIANA OOLITIC LIMESTONE COMPANY *v.* THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

RAILROAD.—*Proceedings to Appropriate.*—*Collateral Attack.*—*Presumption.*— In a collateral attack upon the validity of proceedings by a railroad company to appropriate land for its use, by a person who was a party thereto, every reasonable presumption will be indulged in favor of the regularity of such proceedings, in the absence of any showing to the contrary.

SAME.—*Award of Damages.*—*Remedy of Aggrieved Land-Owner.*—*Action to Recover Real Estate.*—A party aggrieved by an award of damages made by the appraisers in an appropriation proceeding instituted under section 3907, R. S. 1881, may have the award reviewed by the court in which such proceedings are had, on written exceptions filed within ten days after the filing of such award. This is the only remedy provided by the statute, and if it be not pursued, the land-owner can not afterwards maintain an action to recover the land appropriated.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan, C. R. Worrall* and *W. E. Hendricks*, for appellant.

*G. W. Friedley* and *E. K. Millen*, for appellee.

HOWK, C. J.—This was a suit by the appellant against the appellee, in a complaint of two paragraphs. The objects of the suit were to recover the possession of a certain strip of land in Monroe county, which the appellee, as alleged, had attempted to appropriate for the purpose of constructing

The Indiana Oolitic Limestone Co. *v.* The Louisville, N. A. & C. R'y Co.

thereon a switch or side-track leading out from the main line of its railway, over and across appellant's land, to the adjacent quarry and works of the Terre Haute Stone Works, and also $1,000 damages for the detention of such strip of land; and to perpetually enjoin the appellee from setting up any claim of title to or interest in such strip of land, and from entering upon the same or committing any trespass thereon; and to remove any cloud that might have been cast upon appellant's title to the land by appellee's attempted appropriation proceedings. To appellant's complaint the appellee answered specially, setting out at length all its proceedings and the orders of the court, in relation to its appropriation of the strip of land, mentioned in the complaint. The appellant demurred to appellee's answer, upon the ground that it did not state facts sufficient to constitute a defence to the action; and this demurrer was carried back and sustained by the court to appellant's complaint, and each paragraph thereof. Appellant refusing to amend or plead further, judgment was rendered that it take nothing by its suit, and that appellee recover its costs.

The first error complained of here by the appellant is the sustaining of its demurrer to its own complaint.

In its complaint, the appellant alleged that it was a corporation duly organized, on and before the 4th day of June, 1884, under the laws of this State; that on and since the day last named, the appellee was and has been a duly organized corporation under the laws of this State, and was and has been the owner and operator of a line of railroad, passing through Monroe county; that, on such day, appellant was the owner in fee simple and in the possession of the west half of the southeast quarter of section 17, in township 10, range 2 west, in such county, lying near the line of appellee's railroad, and near the town of Stinesville, a station on such railroad; that appellee, at such town of Stinesville, and for five miles on each side thereof, was the owner of and occupied its right of way, sixty feet wide, which was all that was neces-

sary for its railroad, including its side-tracks and water-stations, for the use thereof; and that appellant's land above described was underlaid with a ledge of valuable limestone, suitable for quarrying purposes and chiefly valuable therefor.

And appellant further averred that a corporation, known as the "Terre Haute Stone Works Company," was the owner of a tract of land on which was situated a stone-quarry, which quarry was a long way, to wit, thirty-five hundred feet from the line of appellee's railroad, and was at no place nearer to such railroad than the distance of twenty-five hundred feet; that, on such day, the Terre Haute Stone Works Company desiring to connect its quarry with appellee's railroad by means of a switch or turn-out, over which it might haul its stone, procured the appellee to begin proceedings to appropriate a strip of land, sixty-six feet wide, from the line of its track, near such town of Stinesville, to the quarry of of such Terre Haute Stone Works Company; that the center line of such strip of land, so to be appropriated, ran over and across appellant's said land; that, in pursuance of such intention to appropriate such strip of land, appellee's attorneys, on such 4th day of June, 1884, filed in the clerk's office of the court below its pretended instrument of appropriation; that thereafter, on June 25th, 1884, the judge of such court at chambers, in vacation, upon the application of appellee's attorneys, appointed by warrant Aquilla W. Rogers, George W. Finley and Freeborn G. Pauley to appraise the damages which the owner of the land might sustain, over which such switch or turn-out passed, by reason of such appropriation; that afterwards, on July 14th, 1884, the appraisers aforesaid returned their appraisement to the clerk of such court showing, among other things, that appellant would be damaged in the sum of $400, which sum the Terre Haute Stone Works Company, by the appellee, on the 1st day of ———, 1884, deposited in the clerk's office of such court, for the appellant's use and benefit; and that such sum of money was still

in the hands of such clerk, no part thereof having ever been taken or accepted by appellant.

And appellant further said, it was informed and believed that such turn-out or switch would pass over its land in a diagonal course, for the distance of one thousand four hundred and seventy-eight feet, and take two and one-half acres thereof; that on account of the hilly and uneven surface of such land, such turn-out or switch when completed would necessarily consist of fills and cuts, of heights and depths varying from ten to twenty feet, and passing through appellant's valuable limestone; that such switch or turn-out would cut appellant's land into two triangular tracts; that by reason of the turn-out or switch being so constructed, and the land being so divided, appellant would suffer irreparable injury; that, by reason of appellee's owning and controlling a strip of land, sixty-six feet wide, through, over and across appellant's land, intended for a quarry, for one thousand four hundred and seventy-eight feet, a large portion of such quarry would be rendered almost valueless; that continuously since such pretended appropriation, on June 4th, 1884, until January 9th, 1885, appellant had been in the quiet, peaceable and undisturbed possession of all its land, neither appellee nor the Terre Haute Stone Works Company occupying or exercising any acts of ownership over it; that, on January 9th, 1885, the Terre Haute Stone Works Company, by its agents and employees, fifteen in number, pretending to be appellee's employees, by virtue of such pretended act of appropriation and in appellee's name, unlawfully and without right, and without appellant's consent, took possession of such land, threw down the fences and began the construction of such switch or turn-out, and had since unlawfully kept the possession of the land from appellant, who was entitled to the immediate possession thereof.

Appellant then averred that such pretended act of appropriation of such strip of land, over and across its real estate

hereinbefore described, was illegal, null and void for a number of reasons, which are set forth at great length.

In the view we shall take of appellant's case, in the light of appellee's answer, the averments of which were admitted to be true by appellant's demurrer thereto, it is unnecessary for us to give the substance even of its numerous reasons for claiming that the appropriation proceedings were illegal, null and void. Some of such reasons, if they had been presented at the proper time and in the proper manner, might have been available to the appellant for some relief; but, for the most part, all such reasons are overthrown and rendered nugatory and of no avail by the averments of appellee's answer, which, as we have said, are conceded to be true, as the case is here presented; for these averments show that, in the appropriation proceedings of which appellant complains, the appellee strictly followed the statute and complied with its requirements.

It is apparent from appellant's complaint that the appellee instituted and prosecuted its proceedings for the appropriation of so much of appellant's land as it needed for the construction of its switch or turn-out, described in such complaint, under the provisions of section 3907, R. S. 1881, in force since May 6th, 1853. In its complaint appellant has sought to make a collateral attack upon the validity of appellee's appropriation proceedings. As in other cases of collateral attack, of course, in the absence of averment or showing to the contrary, every reasonable presumption must be indulged in the case in hand in favor of the regularity, legality and validity of such appropriation proceedings as against the appellant, who was a party to such proceedings. *Reid* v. *Mitchell*, 93 Ind. 469; *Dowell* v. *Lahr*, 97 Ind. 146; *Rogers* v. *Beauchamp*, 102 Ind. 33; *Exchange Bank* v. *Ault*, 102 Ind. 322; *Baltimore, etc., R. R. Co.* v. *North*, 103 Ind. 486.

Thus, in the case under consideration, appellant's complaint shows that on June 4th, 1884, the appellee deposited

in the clerk's office of the proper court its instrument of appropriation of a strip of appellant's land, for its switch, side-track or turn-out. But the complaint fails to show whether or not appellee delivered to appellant a copy of such instrument of appropriation, as required by section 3907, *supra*. In such case we presume in aid of the appropriation proceedings, and in favor of their regularity, legality and validity, that appellee did deliver to appellant, as required by the statute, a copy of such instrument of appropriation. So, the complaint shows that the judge of the court in vacation appointed by warrant three named persons to appraise appellant's damages by reason of appellee's act of appropriation; but it fails to show whether such appraisers were, or were not, disinterested freeholders of the proper county, or were, or were not, duly sworn, as required by the statute. In such case, also, we conclusively presume in aid of the appropriation proceedings, that the persons appointed were competent appraisers, under the statute, and were duly sworn as such, as required thereby.

Appellant states in its complaint that, on July 14th, 1884, the appraisers appointed for that purpose returned to the clerk of such court their award of its damages by reason of such appropriation. The statute provides that such an award may be reviewed by the court in which the appropriation proceedings were had, "on written exceptions filed by either party in the clerk's office, within ten days after the filing of such award." Section 3907, *supra*. This remedy by appeal is the only remedy provided by the statute for the party aggrieved by such award; and it must be taken within the time and in the manner prescribed by the statute. Appellant filed no exceptions to the award of its damages, and took no appeal therefrom to the proper court, so far as the record shows, "within ten days after the filing of such award," nor at any other time. The damages awarded to the appellant on account of appellee's appropriation of its strip of land were promptly paid to the clerk of such court; and thereupon and there-

after, by the express terms of the statute, such strip of land belonged to the appellee, to be used for the purposes specified in its act of appropriation. Six months afterwards appellant commenced this action to recover such strip of land, and to enjoin appellee from constructing thereon its switch, side-track or turn-out.

For reasons already given, we are of opinion that the court did not err in sustaining the demurrer to appellant's complaint.

The judgment is affirmed, with costs.

ELLIOTT, J., took no part in the decision of this cause.

Filed June 1, 1886; petition for a rehearing overruled Sept. 24, 1886.