Walker *et al.* v. Hill *et al.*

Filed June 14, 1887.

---

No. 10,453.

## WALKER ET AL. *v.* HILL ET AL.

APPEAL.—*Certificate to Transcript.*—*Phrase " True and Complete."*—The certification of the transcript of the record, on appeal to the Supreme Court, as "true and correct," instead of "true and complete," in the language of the statute, is sufficient, the former phrase being equivalent to the latter.

SAME.—*Motion to Dismiss.*—*Waiver.*—*Practice.*—A motion to dismiss an appeal on purely technical grounds must be made, if at all, on the first appearance of the moving party in the Supreme Court; otherwise, the objection will be deemed waived.

SAME.—*Joint Assignment of Error.*—*Sufficiency of.*—A joint assignment of errors by two or more appellants will not present any question for decision unless it is good as to all who have united therein.

QUIETING TITLE.—*Guardian's Sale.*—*Ejectment.*—*Former Adjudication.*—*Pleading.*—To a complaint by the heirs of W. against the remote grantees of R. to quiet title to real estate, an answer setting up a judgment rendered in an action prosecuted in his lifetime by W. against R., then in possession and claiming title through a sale made upon petition of the guardian of W., for the recovery of the land, wherein it was decreed that W. was not the owner and was not entitled to the possession thereof, is good.

JUDGMENT.—*Conclusiveness.*—*Collateral Attack.*—*Jurisdiction.*—A judgment rendered by a court having jurisdiction of the subject-matter and of the persons of the parties will stand as against a collateral attack.

SAME.—*Guardian and Ward.*—*Proceedings to Sell Land.*—*Mere Errors and Irregularities not Available Collaterally.*—However irregular and erroneous the proceedings and orders of a court having probate jurisdiction may be, in relation to the sale and conveyance of the real estate of minor

| 111 | 223 |
| 111 | 305 |
| 111 | 400 |
| 112 | 369 |
| 113 | 15 |
| 113 | 142 |
| 113 | 263 |
| 113 | 309 |
| 114 | 223 |
| 114 | 576 |
| 117 | 376 |
| 118 | 514 |
| 120 | 19 |
| 120 | 82 |
| 121 | 476 |
| 111 | 223 |
| 126 | 372 |
| 111 | 223 |
| 129 | 532 |
| 111 | 223 |
| 136 | 28 |
| 136 | 178 |
| 111 | 223 |
| 137 | 234 |
| 139 | 205 |
| 111 | 223 |
| 143 | 437 |
| 111 | 223 |
| 147 | 147 |
| 147 | 254 |
| 111 | 223 |
| 150 | 278 |
| 151 | 191 |
| 111 | 223 |
| 155 | 311 |
| 111 | 223 |
| 165 | 289 |
| 111 | 223 |
| f167 | 136 |

heirs, upon the petition of their guardians, yet if such proceedings and orders are not void, they are conclusive when questioned collaterally.

STATUTE OF LIMITATIONS.—*Guardian's Sale of Real Estate.—Adverse Possession.—Ejectment.—Quieting Title.*—Where the purchaser at a guardian's sale, made in 1852, went into immediate possession of the land, causes of action for the recovery thereof and to quiet title thereto accrued at that time, and, even if the sale was void, adverse possession having been continuously held by the purchaser and his grantees, such causes of action are barred. Sections 293 and 294, R. S. 1881.

SAME.—*Disabilities.—Infancy.*—Where one is under the disability of infancy at the time a cause of action in his favor accrues, the statute of limitations, nevertheless, begins to run, and, under section 296, R. S. 1881, the only effect of such disability is to give the party, if the full limitation has run during his infancy, two years after reaching legal age within which he may sue.

SAME.—*Infancy and Coverture.*—Where the statute of limitations begins to run during infancy, it is not impeded by the subsequent intervention of the disability of coverture, as one disability can not be tacked to another to stay the operation of the statute.

From the Jennings Circuit Court.

*D. Waugh* and *T. T. Walker*, for appellants.

*T. C. Batchelor*, for appellees.

HOWK, J.—This was a suit by the appellants, Thomas T. Walker and Eleanor Baxter, as plaintiffs, against the appellees, Joanna, Mary, Carrie and Emma Hill, as defendants, in a complaint of three paragraphs. The first paragraph was a complaint, in the ordinary form, to recover the possession of certain described real estate in Jennings county; and the second and third paragraphs were each a complaint to quiet the appellants' title to the same real estate as against the appellees. The cause was put at issue and tried by the court; and, at the appellants' request, the court made a special finding of the facts, and stated its conclusions of law thereon, in favor of the appellees, the defendants below. Over the appellants' exceptions to the conclusions of law, the court rendered judgment against them for appellees' costs.

The appellees have filed a written motion to dismiss this appeal, upon the ground that the transcript of the record is

not certified by the clerk below, in conformity with the re-quirements of section 462, R. S. 1881. The objection to the certificate is, that the clerk certifies the transcript to be a "true and correct" copy, instead of "true and complete," in the language of the statute. In *Anderson* v. *Ackerman,* 88 Ind. 481, where the same objection was made to a certi-fied transcript of a judgment offered in evidence, it was held that the words "true and complete," as used in the statute, can not be regarded as technical; and the words "true and correct," as used in the clerk's certificate, are equivalent in meaning to the statutory words. Besides, this appeal was submitted, by the agreement of the parties, upon the tran-script as now certified, without any objection then made to the certificate; and nearly five months elapsed after such submission before the appellees filed their motion to dismiss the appeal on account of the supposed defects in the clerk's certificate. The motion came too late. Such a purely tech-nical motion must be made, if made at all, on the first ap-pearance of the moving party in this court; otherwise, the objection will be regarded as waived. *People's Savings Bank* v. *Finney,* 63 Ind. 460; *Field* v. *Burton,* 71 Ind. 380; *Easter* v. *Severin,* 78 Ind. 540; *Martin* v. *Orr,* 96 Ind. 491.

Upon the record of this cause, appellants Thomas T. Walker and Eleanor Baxter have jointly assigned the fol-lowing errors, namely:

1. The court erred in overruling appellant Walker's sep-arate demurrer to the second, third, fourth and sixth para-graphs of appellees' joint answer.

2. The court erred in overruling appellant Baxter's sep-arate demurrer to the second, third, fourth and sixth para-graphs of appellees' joint answer.

3. The court erred in overruling appellant Walker's sep-arate demurrer to the third paragraph of appellee Joanna Hill's separate answer.

4. The court erred in overruling appellant Baxter's sep-

arate demurrer to the third paragraph of appellee Joanna Hill's separate answer.

5. The court erred in sustaining appellee Joanna Hill's separate demurrer to the second paragraph of appellant Walker's reply to the second and sixth paragraphs of appellees' joint answer.

6. The court erred in sustaining Joanna Hill's separate demurrer to Walker's second reply to the third paragraph of Joanna Hill's separate answer.

7. The court erred in sustaining Joanna Hill's separate demurrer to Baxter's second reply to the third paragraph of Joanna Hill's separate answer.

8. The court erred in sustaining Joanna Hill's separate demurrer to Baxter's second reply to the second, third and sixth paragraphs of appellees' joint answer.

9. The court erred in sustaining appellees' joint demurrer to Walker's second reply to the second and sixth paragraphs of appellees' joint answer.

10. The court erred in sustaining appellees' joint demurrer to Baxter's second reply to the second, third and sixth paragraphs of appellees' joint answer.

11. The court erred in sustaining Joanna Hill's separate demurrer to appellants' joint reply to the fourth paragraph of appellees' joint answer.

12. The court erred in sustaining appellees' joint demurrer to appellants' joint reply to the fourth paragraph of appellees' joint answer.

13. The court erred in its conclusions of law upon its special finding of facts.

The point is made by appellees' counsel, and, under our decisions, it is well made, that the first ten errors, jointly assigned as above by the appellants herein, are not well assigned, and do not, nor does either of them, present any question for our decision. In this court, the assignment of errors constitutes the complaint of the appellants, and, like a complaint in a trial court, it must be good as to all who join

therein, or it will not be good as to any of them. Where two or more appellants join in one assignment of errors, if they jointly complain in any specification or paragraph of such assignment of a ruling against one of them only as error, such specification or paragraph of error can not be sustained as to any one, because it is not well assigned by all who have joined in such assignment. *Hinkle* v. *Shelley,* 100 Ind. 88; *Tucker* v. *Conrad,* 103 Ind. 349; *Hochstedler* v. *Hochstedler,* 108 Ind. 506. This conclusion disposes of the first ten errors complained of here by the appellants, and we pass to the consideration of the eleventh alleged error, namely: The sustaining of Joanna Hill's separate demurrer to appellants' joint reply to the fourth paragraph of appellees' joint answer.

The fourth paragraph of appellees' joint answer was filed as a partial defence to the third paragraph of appellants' complaint. It was shown by the allegations of the third paragraph of complaint that appellants' father, William R. Walker, prior to May 17th, 1851, died intestate, and seized in fee simple of the real estate now in controversy, and that he left, as his only surviving children and heirs at law, the two appellants and one John Walker, all of whom were then minors under the age of twenty-one years. It was further shown that the interest of said John Walker in such real estate was sold and conveyed, upon the petition of the legal guardian of John Walker and pursuant to the orders of the proper court, to the Peru and Indianapolis Railroad Company; and that, before the commencement of this suit, the said John Walker died intestate and without issue, leaving the appellants, his brother and sister, as his only heirs at law. The fourth paragraph of appellees' joint answer was pleaded in bar of that part of the third paragraph of complaint wherein appellants, as the only heirs at law of their deceased brother, John Walker, sought to have their title, as such heirs, quieted in and to the real estate in controversy, as against appellees.

In such fourth paragraph of their answer, appellees alleged that, in the lifetime of John Walker, to wit, on the — day of February, 1858, said John Walker brought an action for the recovery of the real estate now in controversy against one William Rowley, in the Jennings Circuit Court; that, on that day, and for a long time afterwards, William Rowley was in possession of, and claiming title to, such real estate under and by reason of the aforesaid guardian's sales and conveyances, and under and by virtue of no other claim or title whatever, the said Rowley being the grantee of the Peru and Indianapolis Railroad Company; that such proceedings were had in said action that judgment was therein rendered by the court against John Walker, and in favor of William Rowley, that John Walker was not the owner of such real estate or of any part thereof, and was not entitled to possession thereof; that such judgment had never been reversed, annulled or set aside, but remained in full force; that it was rendered on the same cause of action mentioned in the third paragraph of appellants' complaint in this case, in so far as such paragraph sought to recover the interest in such real estate which, before said guardian's sales, belonged to said John Walker, since deceased; and that said William Rowley was a grantor of the appellees, and they claimed title to, and were in the possession of, such real estate through said William Rowley, and through and under the title thereto which he successfully opposed to John Walker's action.

It is claimed by appellants' counsel, that this fourth paragraph of appellees' joint answer was not good even as a partial defence to the cause of action stated in the third paragraph of the complaint herein. If this claim of counsel were correct, then, as appellees' demurrers to appellants' joint reply to such fourth paragraph of answer searched the record, such demurrers ought to have been carried back and been sustained by the court to such paragraph of answer. In discussing the alleged insufficiency of the fourth paragraph of appellees' joint answer, appellants' counsel say: " The

adjudication referred to in this paragraph did not establish Rowley's title. The pertinent question now is, where and how did appellees derive their title? They must rely on the strength of their own title, and not on the weakness of ours." It is true, perhaps, that the adjudication did not establish Rowley's title; but it did establish conclusively that John Walker and the appellants, in so far as they claimed under John, had no such title to the real estate as would enable him or them to recover the interest which John Walker had therein prior to the guardian's sales, either from William Rowley or from the appellees who claimed under Rowley. That far forth, the adjudication pleaded in the fourth paragraph of appellees' joint answer constituted a complete bar to the maintenance of appellants' action. *Campbell* v. *Cross,* 39 Ind. 155; *Parker* v. *Wright,* 62 Ind. 398.

Appellants' counsel do not state the law correctly, as applicable to this case, in the above quotation from their brief herein, when they say that the appellees "must rely on the strength of their own title, and not on the weakness" of appellants' title. The reverse of this statement is the law in the case under consideration. The appellants were the plaintiffs and the appellees were the defendants in the case in hand. The rule is old, and almost elementary, which requires that, in such an action, the plaintiff must recover, if he recover at all, upon the strength of his own title; and that, unless he have a good and sufficient title, the weakness of the defendant's title, or his want of title, will afford the plaintiff no ground for recovery. *Huddleston* v. *Ingels,* 47 Ind. 498; *Williams* v. *Venner,* 53 Ind. 396; *Shipley* v. *Shook,* 72 Ind. 511; *Brandenburg* v. *Seigfried,* 75 Ind. 568; *Castor* v. *Jones,* 107 Ind. 283.

We are of opinion that the facts stated in the fourth paragraph of appellees' joint answer were sufficient to constitute a good partial defence to the third paragraph of appellants' complaint.

In their joint reply to such fourth paragraph of appellees'

joint answer, the appellants alleged that, on the 25th day of February, 1858, suit was commenced in the Jennings Circuit Court in the name of John Walker, as plaintiff, against William Rowley, as defendant, for the recovery of the undivided one-third part of the real estate now in controversy; that at the March term, 1858, of such court, said Rowley appeared to such action and filed an answer to the complaint therein, which answer the appellants herein allege, in their joint reply, consisted of a transcript of the proceedings of the Jennings Probate Court at its May term, 1851, upon the joint petition of the guardian of said John Walker and Thomas T. Walker, one of the appellants herein, and of the guardian of Eleanor Walker, now Eleanor Baxter, the other appellant herein, for the sale of the real estate in controversy in this action; that it was shown by such answer or transcript that the prayer of the joint petition of such guardians was granted by the court, and they were authorized by an order of the court to sell such real estate of their said wards at private sale; that such guardians afterwards reported to such court, at its August term, 1852, that pursuant to such order of the court they had sold such real estate of their said wards, at private sale, to the Peru and Indianapolis Railroad Company for the sum of $2,525 in the stock of such railroad company; that such sale of said real estate was then and there, in all things, approved and confirmed by the court, and a commissioner was appointed by the court to execute and deliver to the purchaser a deed of such real estate; that thereupon such commissioner executed and acknowledged a deed conveying such real estate to said railroad company, and reported such deed to said court; and that such deed of conveyance was approved and confirmed by such court.

Appellants further alleged in their joint reply, that at the March term, 1858, of the court below, a demurrer was filed in the name of John Walker to the second paragraph of Rowley's answer, which demurrer was overruled by the

court; that John Walker excepted to such ruling, and refused to reply or plead further; and that the court then adjudged that the title to such real estate was in William Rowley, and not in John Walker, and that Rowley go hence and recover of Walker his costs in that behalf expended.

Appellants further alleged, that the second paragraph of Rowley's answer, to which John Walker's demurrer was directed and sustained, was never in fact filed; that William Rowley only owned, in fact, the undivided one-half of the real estate described in John Walker's complaint in such suit, the other undivided one-half thereof being owned at the time, or pretended to be owned, by one John Rowley, who was not a party to John Walker's suit; that such pretended judgment was rendered without any issue of law or fact, upon the overruling of a demurrer to a paragraph of answer which was in fact never filed; that John Walker became of age on August 6th, 1856, and was not a resident of this State after January 1st, 1854, and was not in this State during the pendency of his suit against Rowley, or when the judgment was rendered therein, and that he died soon afterwards at Vicksburg, in Mississippi, where he had long resided; that appellants did not know of the rendition of such judgment against John Walker until after they commenced this suit; and that appellants were the only heirs at law of John Walker, deceased. Wherefore, etc.

It is very clear that the trial court committed no error in sustaining appellees' demurrer to this joint reply of appellants to the fourth paragraph of appellees' joint answer. In this reply, appellants vigorously assail the adjudication pleaded by appellees in such fourth paragraph of their answer, as a partial defence to the cause of action stated in the third paragraph of complaint herein. But appellants' attack upon such adjudication is a collateral one, and although they have pointed out, in their joint reply, a number of defects in the proceedings and judgment in the suit of John Walker against William Rowley, some of which might, perhaps, have

been available on appeal for the reversal of such judgment, yet, they have wholly failed, we think, to show by any aver- ment that such adjudication was for any cause absolutely void. In the absence of such a showing, it must be held, in conformity with all our decisions, that such joint reply was clearly bad on appellees' demurrer thereto. Of course, the Jennings Circuit Court had jurisdiction of the subject-mat- ter of the suit of John Walker against William Rowley, and the court's jurisdiction of the persons of the parties to such suit is clear and unquestioned. In such case, the adjudica- tion of the court, however erroneous it may be, is absolutely impervious to collateral attack. *Reid* v. *Mitchell*, 93 Ind. 469; *Dowell* v. *Lahr*, 97 Ind. 146; *Exchange Bank* v. *Ault*, 102 Ind. 322; *Indiana, etc., Co.* v. *Louisville, etc., R. W Co.*, 107 Ind. 301.

What we have said, in considering the eleventh alleged error, applies with equal force to the twelfth error assigned by the appellants, namely : The sustaining of appellees' joint de- murrer to appellants' joint reply to the fourth paragraph of appellees' joint answer. Like the eleventh alleged error, this twelfth error calls in question the sufficiency of the facts stated by appellants in their joint reply to avoid the fourth paragraph of appellees' joint answer. Upon full considera- tion of this question, as presented by the eleventh alleged error, we held that the facts stated by appellants in their joint reply were not sufficient to avoid the fourth paragraph of appellees' joint answer, and to this decision we adhere.

The last error of which appellants complain is that the court below erred in its conclusion of law upon its special finding of facts.

The facts found specially by the court were, substantially, as follows:

William R. Walker died in June, 1847, intestate. He left as his heirs at law his sons, John and Thomas Walker, and his daughter, Eleanor Baxter, *nee* Walker, the last two being the plaintiffs in this action. He left a widow, Penelope

Walker, who was the mother of the three children named. John Walker was born August 6th, 1835; Thomas T. Walker was born September 17th, 1837, and Eleanor Baxter February 23d, 1842. Penelope Walker intermarried with Edward M. Sharp in May, 1849, and continued his wife until her death, on December 6th, 1879. Eleanor Baxter, in November, 1858, became and has been since the wife of Joseph K. Baxter. John Walker died intestate in Mississippi, August 27th, 1858, never having married, and leaving as his heirs his mother, brother and sister above named. When Penelope Sharp died she left as her heirs the plaintiffs herein, her husband, Edward M. Sharp, and five children by Sharp. William R. Walker, at his death, was the owner in fee simple of the real estate in controversy.

On November 12th, 1850, John S. Torbit was appointed and qualified as guardian of John and Thomas T. Walker, and, on the same day, Edward M. Sharp was appointed and qualified as guardian of Eleanor Baxter, then Walker. On May 16th, 1851, the two guardians aforesaid filed in the probate court of Jennings county (where such real estate was situate and said guardians were appointed) their joint petition for the sale of the real estate in controversy, and, also, their additional bond for such sale, as required by the statute, in the penalty of $2,040, which bond was accepted and approved by such court. On the same day the appraisers, then appointed, made and reported their appraisement of such real estate at the value of $705, which appraisement was accepted and approved by such court. Thereafter, on the same day, such two guardians were ordered by the court to sell such real estate, at public or private sale, for the best price to be obtained therefor, one-fourth of the purchase-money to be paid in cash, and the residue in two equal annual payments, with six per cent. interest from the date of sale ; and such order of the court was duly entered of record therein.

On May 21st, 1852, such real estate was sold to the Peru and Indianapolis Railroad Company, at private sale, for

$2,525, payable in the capital stock of said company. The sale of said real estate was a joint sale, made by said two guardians. On August 14th, 1852, the sale of such real estate to said railroad company, for the amount, and payable as aforesaid, was duly reported to such probate court. At the time of such sale, and for at least two years afterwards, the stock of such railroad company, received in payment for such real estate, was worth and could have been sold for from 50 to 75 cents on the dollar. The report of such sale was accepted and approved, and the sale, as made, was confirmed by such court, and a commissioner was then and there appointed to execute a conveyance of such real estate to the purchaser thereof. On the same day, the commissioner so appointed executed and acknowledged a conveyance of such real estate to the Peru and Indianapolis Railroad Company, and reported such deed to such court, and the deed was approved by the court and delivered to such purchaser. The stock of such railroad company, for which such real estate was sold, was delivered to said guardians at the time of such sale, issued in the names of their said wards. Immediately after the execution of such deed to said railroad company, it went into possession of such real estate, claiming title and the right of possession under such sale and conveyance, and continued in possession until March 1st, 1855, when it sold and conveyed such real estate, by its warranty deed, to William Rowley and put him in possession thereof.

The court then finds that, through a series of mesne conveyances, particularly described, the same title acquired by William Rowley from said railroad company in and to such real estate, became vested in one James M. Hill on November 27th, 1872, who took and continued in the possession thereof until he died, testate, in June, 1875. On June 18th, 1875, the last will of James M. Hill, deceased, was duly probated, and under such will appellee Joanna Hill became the owner of such real estate upon the death of such testator, and had been in possession thereof ever since. On February

25th, 1858, John Walker commenced an action in the court below to recover his interest in said real estate. Such action was brought against William Rowley, the immediate grantee of the Peru and Indianapolis Railroad Company, he being in possession of such real estate under his conveyance as grantee of such railroad company. At that time, John Rowley was in possession of the undivided one-third part of such real estate, under a conveyance from William Rowley and his wife. William Rowley was the only defendant. He appeared to such action and recovered judgment against John Walker, the plaintiff therein, quieting his, Rowley's, title to such real estate. Such judgment is still in force.

As a conclusion of law upon the foregoing facts, the court found the law to be with the defendants.

In discussing the alleged error of the trial court, in its conclusion of law upon its special finding of facts, appellants' counsel very earnestly insist that the entire proceedings and orders of the probate court of Jennings county, as set forth in such special finding, in relation to the sale and conveyance of appellants' real estate upon the joint petition of their respective guardians, were and are wholly void. We do not think that this position of counsel can be sustained. It may be conceded that there were imperfections, irregularities and even errors, perhaps, in such proceedings and orders of such probate court, which might have afforded sufficient cause for the reversal thereof on an appeal therefrom to this court, at the proper time and in the proper manner; but, under the law of this State in force at the time, the probate court of Jennings county was a court of general jurisdiction, and specially vested with jurisdiction of the petitions of the guardians of minors for the sale of the real estate of their wards. However irregular and erroneous the proceedings and orders of that court may have been, in relation to the sale and conveyance of the real estate of the appellants, upon the petition of their respective guardians, such proceedings and orders were not void, but must be held valid and conclusive

against appellants when questioned collaterally as in this case. This is settled by many of our decisions. *Dequindre* v. *Williams*, 31 Ind. 444; *Gavin* v. *Graydon*, 41 Ind. 559; *Porter* v. *Stout*, 73 Ind. 3; *Davidson* v. *Koehler*, 76 Ind. 398; *Million* v. *Board*, *etc.*, 89 Ind. 5, and cases cited, p. 14; *Dowell* v. *Lahr*, 97 Ind. 146; *Anderson* v. *Wilson*, 100 Ind. 402 ; *Indiana*, *etc.*, *Co.* v. *Louisville*, *etc.*, *R. W. Co.*, 107 Ind. 301.

In another view of the facts found by the trial court, and for another reason, we are of opinion that the court did not err in finding that the law of the case was with the defendants as its conclusion of law.   Upon the confirmation of the guardian's sale of the real estate in controversy, on August 14th, 1852, a deed therefor was duly executed, under the order of the probate court of Jennings county, to the purchaser thereof, and was approved by such court and delivered to such purchaser on the same day.   Immediately after the execution of said deed to such purchaser, the Peru and Indianapolis Railroad Company, it went into possession of such real estate, claiming title and the right of possession under such sale and conveyance.   This title and possession were, of course, adverse to any claim of appellants, and such adverse possession was continuous in the successive grantees of such real estate, down to and including the appellees herein.   From the facts found by the trial court, it is manifest that appellants' causes of action for the recovery of the real estate in controversy, and for quieting their title thereto, accrued in August, 1852, and were severally barred by our statute of limitations long before the commencement of this suit.   This is so, even if it be conceded that the guardians' sale of such real estate and the commissioner's conveyance thereof were absolutely void.   Sections 293, 294, R. S. 1881; *Hatfield* v. *Jackson*, 50 Ind. 507; *Brown* v. *Maher*, 68 Ind. 14; *Ray* v. *Detchon*, 79 Ind. 56; *Second Nat'l Bank*, *etc.*, v. *Corey*, 94 Ind. 457; *Wright* v. *Wright*, 97 Ind. 444.

It is true, the trial court found that the appellants, at the time their causes of action herein accrued, were both under

the disability of infancy; but it is also true that, as to each of them, the disability of infancy was removed much more than two years before they commenced this action. Under our law the statute of limitations began to run against the appellants, notwithstanding their infancy, when their causes of action herein accrued, and the only effect of such disability was to give each of them, if the full limitation had run during his or her infancy, two years after the disability was removed within which he or she might sue. Section 296, R. S. 1881; *Wright* v. *Kleyla,* 104 Ind. 223.

It is true, also, the court further found that appellant Eleanor Baxter, after her causes of action herein had accrued and before she was of lawful age, had intermarried with Joseph K. Baxter, and had been since and still was his wife. But the statute of limitations had already commenced to run against her before her marriage, and her disability of coverture could not be tacked to her disability of infancy to stay the operation of the statute. The rule in such case is, that where it is incumbent on the plaintiff to show that he or she labored under any disability, it must be shown to be a continuing disability from the first, and that when the statute has once begun to run no subsequent disability will impede it. *Kistler* v. *Hereth,* 75 Ind. 177; *White* v. *Clawson,* 79 Ind. 188; *Knippenberg* v. *Morris,* 80 Ind. 540; *Sims* v. *Gay,* 109 Ind. 501.

Upon the facts found by the court, there is no error, we think, in its conclusion of law.

The judgment is affirmed, with costs.

Filed June 14, 1887.